CASE 62—MOTIONS—MAY 8.

# Hindman, &c v. Toney.
# Hindman, &c v. Field.

1. ELECTION OF SPECIAL JUDGE.—There are only two conditions in which the statute authorizes election of a special judge in either of the three branches of the Jefferson Circuit Court having jurisdiction of civil cases. The first is where a case has been once transferred, and the presiding judge of the branch to which the transfer is made can not sit. The other is where from any cause the presiding judge fails to attend; but not even in that case can there be a special judge if the judge of any other branch attends and holds the court for the occasion. Though, of course, it was contemplated continuous absence of a regular judge would render election of a special judge necessary.

2. TRANSFER OF SUITS FROM ONE BRANCH OF JEFFERSON CIRCUIT COURT TO ANOTHER.—One who had been duly elected special judge of the chancery branch of the Jefferson Circuit Court, having the powers of a circuit judge, might have requested the judge presiding over another branch of the Jefferson Circuit Court to hear and determine a case in which he could not sit, or any question arising in it; or he might have caused to be made an entry of record of his disability to preside, which would have amounted to authority to the clerk to determine by lot to which of the other two branches having jurisdiction of civil actions it should be transferred. But an order made by him transferring the action directly to the common pleas branch was not void, and the action having been put upon the docket of that branch the judge thereof might have proceeded to hear and determine it, and any questions connected therewith, and such proceeding would have been valid. But whether the order of transfer made by the special judge of the chancery branch was valid or not the question was entirely within province of the judge of the common pleas branch, and it was for him alone to decide how the case should be disposed of. Therefore a peremptory order made by the judge of the law and equity branch directing the clerk to immediately determine by lot to which of the two branches the case should be transferred was void, and the assignment of the case to that branch under that order conferred upon it no jurisdiction.

3. SAME.—Even if the order of the law and equity branch was not void the mode adopted by the clerk of determining to which of

the two branches the case should be transferred was improper, even according to rule 19 of the court, which authorized determination by lot of the single question to which court that particular action was to be transferred, without regard to assignment of other cases.

4. POWER OF COURT OF APPEALS TO ISSUE WRITS OF PROHIBITION AND MANDAMUS.—Sec. 110 of the present constitution gives to the Court of Appeals plenary power to issue writs in every case where necessary to give it control of inferior jurisdictions. And while this court having discretion ought not generally to issue writs of prohibition when adequate relief can be afforded by exercise of its revisory power, yet as this is a case where one branch of the Jefferson Circuit Court is attempting by mandamus to compel the clerk to determine by lot what disposition shall be made of an action on the docket, and subject to orders, of another branch, the writ is granted.

5. THE MOTION FOR MANDAMUS against the judge of the common pleas branch is denied because he may at his election hear and and try the action, or by order require the clerk to determine by lot to which branch it is to be transferred, one or the other of which steps it is his duty to take.

PHELPS & THUM FOR PETITIONERS.

1. The rule upon which defendants rely is void. It provides for an allotment between the three divisions other than that in which the case is pending, thus including the criminal division, to which no civil case can be transferred. (Mengel, Jr. v. Jackson, 94 Ky.)

2. The fact that Judge Abbott was attorney for one of the claimants in the case was no reason why he could not make an order transferring the case. (Ky. Stats., secs. 1027, 1030; Royal Ins. Co. v. Rufer's Admrs., 89 Ky., 512.)

3. This court in aid of its appellate jurisdiction has power to grant a mandamus compelling the judge of the lower court to try the case. (Const. of Ky., sec. 110; Vance v. Feld, 89 Ky., 178; Lowe v. Phillips, 14 Bush, 144; Barnett v. Warren Circuit Court, Hardin, 173; Sanders v. Nelson Circuit Court, Hardin, 17; Riggs v. Jackson, 6 Wall., 166; Marbury v. Madison, 1 Cranch, 137; United States v. Boutwell, 17 Wall., 604; Ex parte Burtis, 103 U. S., 238; U. S. v. Lawrence, 3 Dall., 42; U. S. v. Peters, 5 Cranch, 115; Life and Fire Ins. Co. of N. Y. v. Wilson, 8 Pet., 291; Kendall v. United States, 12 Pet., 524; Decatur v. Paulding, 14 Pet., 597; U. S. v. Fraser, 22 How., 174; Ex parte Milwaukee R. Co.,

Hindman, &c v. Toney.

5 Wall, 188; *Ex parte* Newman, 14 Wall, 152; *Ex parte* Loving, 94 U. S., 418; *Ex parte* Flippin, 94 U. S., 348; *Ex parte* Gorman 114 U. S., 174; Daniel v. Register of Land Office, Sneed, 218; Cases cited in Preston v. Fidelity Trust & Safety Vault Co., 94 Ky., 298.)

HELM & BRUCE and GRUBBS & MORANCY for defendants.

1. Where a special judge of one of the divisions of the Jefferson Circuit Court is interested in a case he has no power to make an order transferring the case to one of the other divisions, and thus select the judge who shall try his case. He must simply note his disqualification of record, and then let the clerk make the distribution of the case by lot as provided by rule 19 of the court. (Const. of Ky., secs. 136, 137; Ky. Stats., secs. 1029, 968, 1030, 1027, 1034.)
2. While Rule 19 of the court is inoperative as to the criminal division, it may be enforced as to the other two divisions.

JUDGE LEWIS DELIVERED THE OPINION OF THE COURT.

There had, prior to April 11, 1895, been duly assigned to the chancery branch of the Jefferson Circuit Court the pending action of S. S. Sullivan, assignee, against Columbian Fire Insurance Company and others. But on that day W. R. Abbott, elected special judge and presiding in place of I. W. Edwards, regular judge, who was sick and unable to attend, made and caused entered of record an order transferring that action to the common pleas branch, because, as stated in the order, he was employed as attorney for one of the defendants, and therefore could not properly preside.

At a court held for Jefferson Circuit Court, common pleas branch, April 13, 1895, Hindman and others, defendants, moved the court to pass on and decide as to certain exceptions and certified matters in the case necessary to be decided. But no action was then taken or order made.

Again, April 29, 1895, they appeared and, notice having been given, moved the court to assign to a day hearing of pending motions. But Emmet Field, judge of the Jefferson

Circuit Court, common pleas branch, then, as recited, "declined to consider the motion or any other motion herein, or to take any action in this case."

It further appears that April 27, 1895, the plaintiff in the action filed in the Jefferson Circuit Court, 'law and equity branch, of which S. B. Toney is judge, his petition, and moved the court for an order upon John S. Cain, clerk, to determine by lot whether the action should be assigned to law and equity or common pleas branch. Thereupon the judge, first overruling demurrer to the petition filed by Cain, peremptorily ordered him to so determine by lot to which of the two branches the action should be assigned. And on the same day he did, in the mode hereinafter described, determine the action should be assigned to law and equity branch.

Now there are before this court two petitions filed April 30, 1895, in one of which we are asked to issue a writ of prohibition forbidding S. B. Toney, judge of law and equity branch of the Jefferson Circuit Court, to try said action, or to make any orders therein; and in the other we are asked to issue a writ of mandamus requiring Emmet Field, judge of common pleas branch, to proceed and try the pending motions, and ultimately the action.

It is contended by plaintiffs in this proceeding, defendants below, that W. R. Abbott, having been by statute invested, as special judge, with all powers of the regular judge, was authorized to make the order transferring the action to the common pleas branch, which thereby acquired complete and exclusive jurisdiction. Defendant here, plaintiff below, contends that according to rule 19, adopted by the four judges in general term, as they were authorized by statute to do, W. R. Abbott as special judge was required, and had power, to do no more than cause the fact that he could not properly preside in the action to be noted of record; and that being

done, duty devolved upon the clerk to determine by lot to which of the other two branches having jurisdiction of civil actions it should be assigned.

Sec. 970, Kentucky Statutes, provides generally that if the person first elected to act as special judge of a circuit court fails or refuses to act, or can not properly preside, another election shall be held in like manner from time to time until a suitable person is chosen who can and will preside. But evidently that section does not apply to a court like the Jefferson Circuit Court, composed, in virtue of the constitution as well as statute, of four judges.

Sec. 1025, being part of sub-division 4, chap. 35, title of which is "Courts having Four Judges," provides that litigation prosecuted in branches other than the criminal branch shall be divided between them according to rules of court to be made in general term, and prescribes the particular mode by which actions are to be assigned to the several branches in case such rules are not, or until they are adopted. The action was, according to rule 1, which is substantially like the statutory mode, first assigned to the chancery branch, and there is no question of it having been properly done.

Sec. 1027 also authorizes rules made in general term for transfer of causes or issues, except criminal causes, from one branch to another, where by reason of the nature of the cause or issue, or disability of the judge of the branch to which it had been originally assigned, such transfer may be proper.

It is, however, further provided that in causes which have been once transferred, if the presiding judge can not sit a special judge shall be chosen by the attorneys of the court in attendance not interested, nor of counsel, to preside.

Sec. 1028 is as follows: *"No proceedings in such court shall be invalid because prosecuted in the wrong branch thereof."*

Sec. 1029 provides that when for any cause the judge presiding over any branch of such court fails to attend, the judge presiding over any other branch may attend and hold said court for the occasion; but if he does not attend the attorneys of said court in attendance thereon shall elect one of their number to hold court for the occasion. And sec. 1030 contains a further provision, that any judge presiding over one branch may, upon request of a judge presiding over another branch, hear and determine any case or question in such other branch pending; the request being entered on the order book of that branch where the case or question is pending.

It will be observed there are only two conditions in which the statute authorizes election of a special judge in either of the three branches having jurisdiction of civil cases. The first is, where a case has been once transferred, and the presiding judge of the branch to which the transfer is made can not sit. The other is where from any cause the presiding judge fails to attend; but not even in that condition can there be a special judge if the judge of any other branch attends and holds the court for the occasion. Though, of course, it was contemplated continuous absence of a regular judge would render election of a special judge necessary.

W. R. Abbott having been duly elected special judge of the chancery branch, and having the powers of a circuit judge, might, as authorized by sec. 1030, have requested the judge presiding over another branch of the Jefferson Circuit Court to hear and determine the case under consideration, or any question arising in it; or he might have caused made entry of record of his disability to preside, which would have amounted to authority of the clerk to determine by

Hindman, &c v. Toney.

lot to which of the other two branches having jurisdiction of civil actions it should be transferred. But, instead, he made an order transferring the action directly to the common pleas branch.

That order was not however void or ineffectual; for the action having in virtue of it been put on the docket of the common pleas branch, the judge thereof might have proceeded to hear and determine it, and any questions connected therewith; and as expressly provided by sec. 1028 such proceeding would have been valid. But whether the order of transfer made by Special Judge Abbott was noted or not, the question was entirely within province of the judge of common pleas branch, and it was for him alone to decide how the case should be disposed of. It thus results that the action of the judge of the law and equity branch, in peremptorily ordering the clerk to immediately determine by lot to which of the two branches the case should be transferred, was unauthorized and void. For the clerk was thereby forced to act not merely in disregard of the order of Special Judge Abbott, but while the case was on the do ᵏᵉᵗ of the common pleas branch, and before the judge thereof had determined whether he would hear and decide the pending motions.

Moreover, the mode adopted by the clerk of determining to which of the two branches the case should be transferred was improper, even according to rule 19, which authorized determination by lot of the single question to which court that particular action was to be transferred, without regard to assignment of other cases.

In our opinion, therefore, transfer of the case to the law and equity court, in the manner attempted, is invalid, and for that court to hear and determine the case, in pursuance of such abortive transfer, would be not merely illegal, but a

precedent leading to confusion and conflict between the different branches of the Jefferson Circuit Court, seriously prejudicing litigants.

Sec. 110 of the constitution provides that the Court of Appeals "shall have power to issue such writs as may be necessary to give it a general control of inferior jurisdictions."

It was held prior to adoption of the present constitution, that there could be a proceeding in this court for prohibition only in a case in which, in the exercise of appellate jurisdiction, it has the power of controlling the inferior court by a direct revision of its judicial acts. And it was further held that a writ of prohibition is not an appropriate proceeding in a court of merely appellate jurisdiction, inasmuch as the revisory power of such a court can afford adequate relief without a resort to a proceeding of that character. (Arnold, &c., v. Shields, 5 Dana, 18; Sasseen v. Hammond, 18 B. Mon., 672.) But it seems to have been intended by the clause of the constitution quoted, which was not in the old constitution, to give to the Court of Appeals plenary power to issue writs in every case when necessary to give it general control of inferior jurisdictions. But while this court having discretion ought not generally to issue writs of prohibition, when adequate relief can be afforded by exercise of its revisory power, the case before us is one requiring it. For it is the case of one branch of the Jefferson Circuit Court attempting by a mandamus to compel the clerk to determine by lot how an action on the docket and subject to orders of another branch shall be disposed of. And if the judge of the common pleas court had entertained and passed upon the motions pending before him, as he then had the exclusive power to do, a conflict would have occurred, rendering intervention of this court imperative.

Wherefore the motion for writ of prohibition is sustained, and the judge of the law and equity branch of the Jefferson Circuit Court is prohibited taking jurisdiction of or passing upon any motions connected with the action of S. S. Sullivan, assignee, plaintiff, against Columbian Fire Insurance Company and others, defendants, until and unless the clerk shall, under order of the common pleas branch of said court, determine by lot the transfer of the case to the first named branch.

The motion for mandamus against the judge of common pleas branch of said court is denied, because he may, at his election, hear and try the action, or by order require the clerk to determine by lot to which branch it is to be transferred, one or other of which steps it is his duty to take.