CASE 102—PETITION FILED IN COURT OF APPEALS BY S. J. SHACKELFORD, CLERK OF SAID COURT, ASKING FOR A WRIT OF PROHIBITION AGAINST HON. CHAS. PATTESON, JUDGE OF THE MARION CIRCUIT COURT—MAY 15.

# Shackelford, Clerk, &c. v. Patteson, Judge.
## Motion for Writ Granted.

COURT OF APPEALS—WRIT OF PROHIBITION—INJUNCTION—JURISDICTION TO CORRECT TAXATION OF COSTS.

Held: 1. Under Constitution, section 110, the court of appeals has power to issue a writ of prohibition to restrain a circuit court from hearing a cause of which it has no jurisdiction.

2. Under Civil Code Practice, section 285, providing that "an injunction to stay proceedings on a judgment shall not be granted, in an action brought by the party seeking the injunction, in any other court than that in which the judgment was rendered," a circuit court has no jurisdiction to enjoin the collection of an execution upon a judgment rendered by the court of appeals, on the ground that there was error in the taxation of costs in that court.

THOMPSON & SPAULDING, ATTORNEYS FOR SHACKELFORD.

We make this point:

1. An execution from the Court of Appeals can not be enjoined by any other court, therefore, the Marion Circuit Court has no jurisdiction to entertain this injunction suit.

2. An injunction is a provisional remedy, merely ancillary and incidental to the action in which it is brought. The execution came from an action already existing in the Court of Appeals, and that court certainly had the right to stay an unlawful procedure by an officer under that execution.

3. If cost has been wrongfully taxed by the clerk of the Court of Appeals, that court alone has the right to correct it.

4. The Marion Circuit Court having no jurisdiction of the matter in controversy it is proper, in order to save confusion and costs that the writ of prohibition be awarded.

### CITATION OF AUTHORITIES.

Execution from Court of Appeals can not be enjoined by any other court. Civil Code, sec. 285; Robinson, &c. v. E. L. & B. S. R. R. Co., 13 R., 539; C. & O. R. R. Co. v. Reaser, 84 Ky., 371;

Malery v. Danber, 83 Ky., 239; Meteers v. Clements, 12 Bush, 359; Davis v. Davis, 10 Bush, 274; Morris, Admr. v. Shephard, 1 Met., 101.

An injunction is not an original action, simply incidental, a provisional remedy. Morris v. Shephard, 1 Met., 101. An execution is a proceeding from a judgment under section 285, Civil Code. C. & O. W. R. R. Co. v. Reasor, 84 Ky., 371. Court of Appeals has the exclusive right to correct the taxation of cost in its court. Henry v. Vinson, 13 R., 400; Ky. Statutes, section 906. Appellant Christie had a right to recover this cost of appellees, Ky. Stat., 904. Parrish v. Fergerson, 83 Ky., 18; Bridges v. Welch, 5 R., 685. Writ of Prohibition. Present Constitution in Ky. Stats., sec. 110; Ky. Stat., sec. 949; Constitutional debates, pp. 3002, 3127; Arnold v. Shields, 5 R., 20; Preston v. Fidelity T. & S. Co., 94, 295; Goldsmith v. Owens, 95 Ky., 420; Hoke v. Rubin, 18 R., 546; Hancock v. Parker, 18 R., 622; Standard Oil Co., 17 R., 832; Gibbs v. Board of Aldermen, 95 Ky., 471.

H. S. McELROY, ATTORNEY FOR DEFENDANT.

(No brief in the record.)

OPINION OF THE COURT BY CHIEF JUSTICE PAYNTER GRANTING THE WRIT.

On an appeal wherein Mattie Baxter and others were appellants, and the plaintiff, N. R. Christie, appellee, a judgment was rendered by this court in favor of the plaintiff, N. R. Christie, against Mattie Baxter and others for costs, which amounted to $84.30, $73.30 of which was clerk's fees. An execution was issued on the judgment for costs, and placed in the hands of the sheriff of Marion county; whereupon the defendants in the execution filed a suit in the Marion Circuit Court, in which an injunction was obtained, enjoining the sheriff from collecting the same, upon the ground that it embraced costs to which the clerk of this court was not entitled. The defendant, Charles Patteson, judge of the Marion Circuit Court, is of the opinion that he has jurisdiction of the case, and the authority to perpetuate the injunction, if he is of the

opinion that the clerk has included in the taxation of costs items which should not be collected of the defendant. A writ of prohibition is sought against Judge Patteson to prevent him from hearing and determining the questions raised in that action.

If there was an error in the taxation of costs, this court has full power to correct it, and fix the amount for which an execution shall issue on the judgment for costs. It would lead to an absurdity to hold that a circuit court has power to correct a taxation made in this court. If the circuit court can do so where the amount is over $50, then, where the amount is less than $50, a justice of the peace would have the power to correct the taxation of costs of this court as completely as the circuit court would have if the amount was over $50. If the clerk of this court commits an error in the taxation of costs, and issues an execution for an excessive amount, the party complaining can have the question summarily disposed of on a motion to correct the taxation of costs. This remedy is so speedy that no injury could possibly be produced in awaiting the action of the court. If a case should arise wherein injury would result before the motion to correct the taxation of costs could be disposed of, this court has full power to make such an order as it thinks proper to protect the rights of a defendant in an execution. Under section 285, Civ. Code Prac., it is provided that "an injunction to stay proceedings on a judgment shall not be granted in an action brought by the party seeking the injunction, in any other court than that in which the judgment was rendered." It will be observed that under this section the court below is prohibited from granting an injunction in a case like this, and, of course, is denied the power to perpetuate one if it has been granted. In

our opinion, the court is proceeding without its jurisdiction, because (1) the court below has no power to revise a taxation of costs in this court; (2) it has no authority to grant an injunction enjoining a judgment of this court. It is no longer an open question that this court has authority to issue a writ of prohibition in a proper case. Section 110 of the Constitution reads as follows: ". . . said court shall have power to issue such writs as may be necessary to give it a general control of inferior jurisdictions." In Hindman v. Toney, 97 Ky., 413 (17 R., 286) (30 S. W., 1006), this court construed section 110 of the Constitution, and held that it was intended to give to the court of appeals plenary power to issue writs in every case when necessary to give it general control of inferior jurisdictions. In that case this court directed a writ of prohibition to be issued which prohibited the judge from passing on any motion or taking jurisdiction in any case pending in another court. In our opinion, the writ of prohibition should be issued.