CASE 86—APPLICATION OF ANSE WARNER TO MADISON COUNTY COURT FOR A FERRY LICENSE AND ALSO PROCEEDING IN THE CLARK COUNTY COURT BY OTHER PARTIES FOR LICENSE FOR SAME FERRY.—NOV. 6.

# Clark County Court, &c., v. Warner.

### APPEAL FROM MADISON CIRCUIT COURT.

PROHIBITION GRANTED ON THE PETITION OF ANSE WARNER TO RESTRAIN CLARK COUNTY COURT FROM GRANTING THE FERRY LICENSE, AND CLARK COUNTY COURT AND OTHERS APPEAL. AFFIRMED.

FERRIES—LICENSE— COURTS—CONCURRENT     JURISDICTION— WRIT OF PROHIBITION.

1.  Notice of an intended application for a grant of a ferry privilege is equivalent to service of process on all persons interested.

2.  On an application to a county court for a ferry privilege the statutory notice was given, and another who sought the privilege claimed under a transfer from a corporation which claimed the land on the other side of the river where the ferry would land.  After appeal to the circuit court the corporation appeared and presented a written transfer, and it was made a party.  The court continued the cause for certain evidence.  Held, that pending such cause the county court of the county in which the ferry would land on the other side of the river had no jurisdiction to entertain an application by the corporation for a ferry privilege identical with the one already sought.

3.  By virtue of Civil Code, section 479, defining prohibition to be an order of a circuit court to an inferior court, prohibiting it from proceeding in a matter without its jurisdiction, the circuit court, in which the application for a ferry privilege was pending, had authority to issue prohibition to the court entertaining the application of the corporation.

PENDLETON & BUSH, FOR APPELLANTS.

### QUESTIONS DISCUSSED AND AUTHORITIES.

1. The Clark county court had jurisdiction, and the writ of prohibition was, therefore, improperly granted. If error was committed, the remedy was by appeal, and not by writ of prohibition. Arnold and Parrish v. Shields, 5 Dana, 18; Scott v. Tully, 20 Ky. Law Rep., 1734; Bank Lick Turnpike Co., v. Phelps, 81 Ky., 613; Goldsmith v. Owen, 95 Ky., 420; Walcott v. Wells, 37 Amer. St. Rep., 480, and 9 L. R. A., 59; City of Owenboro v. Sparks, 18 Ky. Law Rep., 269; Schobarg v. Manson, 22 Ky. Law Rep., 1892; 23 Amer. & Eng. Ency., (2 Ed.), 200, 210, 222; 16 Ency. Pl. & Pr., 1125, 1126; Stahl v. Brown, 84 Ky., 325.

2. The appellant could not be denied jurisdiction on a plea entered by appellee of a former suit pending; or, by reason of a special demurrer to its jurisdiction, under sub-section 3, section 79, of the Civil Code, because *the parties were not the same.* Sub-sec. 3, sec. 92, Civ. Code; Moore's Adm'r., v. Sheppard, 1 Met., 100; Gist v. Shean, 8 Ky. Law Rep., 509; Adams v. Gardiner, 13 B. Mon., 198; Mary Bashee, etc., v. James Boyce, 7 L. R. A., 272; 1 Ency. Pl. & Pr., 23.

3. The Madison circuit court had no jurisdiction over appellant. Stahl v. Brown, 84 Ky., 325.

4. The temporary preventive order was made by the court, before any notice of the motion for the writ had been given and before any motion was pending, and was, therefore, void. Code, secs., 476, 445, 474; City of Cynthiana v. Board of Education of Cynthiana, etc., 21 Ky. Law Rep., 731,

BECKNER & JOUETT, ATTORNEYS FOR APPELLEE.

### QUESTIONS DISCUSSED.

1. Has a circuit court which has first acquired jurisdiction of an application for a ferry privilege by appeal from the county court, power to prohibit the county court of another county from hearing and determining a motion to grant the same privilege to the privy of a party before it, said privy having full notice of the application still pending in the first named court?

2. When the jurisdiction of two courts is concurred or co-ordinate, is not the jurisdiction of the one before which it first comes *exclusive* to the extent that the other court can have no jurisdiction so long as the matter is pending in the court that first acquired control?

Clark County Court, &c., v. Warner.

### AUTHORITIES CITED.

Sasseen v. Hammond, 18 B. Mon., 673; Constitution, (state), 110; Hindman v. Toney, 97 Ky., 413; 5 Bacon's Abridgement, 647; 3 Blackstone, 112; 2 Bouvier's Law Diict., title, Prohibition; Whatton's Law Dict. title Prohibition; Havemeyer v. Superior Court, 10 L. R. A., 646; State v. Aloe, 47 L. R. A., 399; N. & W. Ry. Co. v. Pin Coal Co., 41 L. R. A., 415; Bullard v. Thorpe, 25 L. R. A., 606; Hughes v. Recorder's Court, 4 L. R. A., 864; Weaver v. Toney, 21 Ky. Law Rep., 1157; McCann v. City of Louisville, 23 Ky. Law Rep., 558; State v. Com. of Roads, 12 Am. Dec., 602; Civil Code, 479; Kentucky Statutes, secs. 1803, 1805, 1806; Am. & Eng. Ency. Law, (1st. ed.), vols. 12 292; Wells on Jurisdiction of Courts, 156; Ober v. Galla-Gher, 93 U. S., 199; Brooks v. Delaplaine, 1 Md. Ch. Dec., 351; Stahl v. Brown, 84 Ky., 328; Combs v. Sewell, 23 Ky. Law Rep., 172; Taylor v. Tainter, 83 U. S., 370; Hawes v. Orr, 10 Bush, 439; Mason v. Chambers, 4 J. J. M., 410; Massie v. Com., 90 Ky., 486.

OPINION OF THE COURT BY JUDGE SETTLE—AFFIRMING.

The appellee, Anse Warner, on May 6, 1901, entered motion in the Madison county court for a license to operate a ferry across the Kentucky river between the town of Ford, in Clark county, and a point where the Stony Run and Ford turnpike ends, on the opposite side of the river, and on his land in Madison county. The motion was based upon the statutory notice, a copy of which was duly filed at the time. On the same day, and in the same court, a like motion was made for the ferry privilege, at the same place, by one J. C. Richards, who claimed to be the grantee of the Ford Lumber & Manufacturing Company, which owned the land on the Clark county side of the ferry, and this claim was confirmed by J. M. Thomas, the president of the company, by written grant, which he filed in open court. The county court upon the trial of the two motions rejected the application of appellee, and granted the ferry license to Richards. Appellee thereupon took an appeal

from the judgment of the Madison County Court to the circuit court of that county, and the latter court, on June 29, 1901, upon the hearing of the appeal, rendered judgment reversing the county court, and deciding that the appellee was entitled to the ferry privilege instead of J. C. Richards. So much of the judgment as it is necessary to make a part of this opinion is as follows: "The court being advised, is of the opinion that the Madison County Court had no power, under the evidence in this case, to grant a ferry privilege to J. C. Richards, but that Anse Warner was and is entitled to the grant of such privilege absolutely, if it should turn out that there is a public highway at the point of landing upon the Clark county side; but, if there is no such public highway upon the Clark county side, the said Warner is entitled to said grant only after the right of way from the point of landing on the Clark county side to a public highway shall have been properly condemned and paid for as required by law." The same judgment continued the cause until the next term of the court for the introduction of evidence on the question as to whether or not the landing on the Clark county side of the river is an established highway, and for such other proceedings as might to the court be deemed proper after the determination of that question. At a subsequent term of the circuit court the appellee filed an amended statement, in which it is averred that the ferry sought to be established lands upon the Clark county side of the Kentucky river at and upon one of the streets of the town of Ford, but that the Ford Lumber & Manufacturing Company is claiming to own the ground upon which the ferry landing will be located in Clark county, for which reason it was made a party to the proceedings, though it is doubtful whether such a

step was necessary, as the company had practically made itself a party by appearing in court as the grantor of Richards, and filing the writing confirming his right to the ferry landing on the Clark county side of the river. But a little over a month after the reversal of the judgment of the Madison county court by the circuit court of that county, with full knowledge of the fact that the appellee, instead of Richards, had been granted a license by the circuit court to operate the ferry at Ford, and that the proceeding was still pending in the circuit court, to the end that appellee's right to the ferry landing on the Clark county side of the river might be adjudicated, the Ford Lumber & Manufacturing Company filed notice and moved the Clark County Court to grant it a license to establish a ferry at the same point on the Kentucky river. The motion in the Clark County Court was resisted by appellee only for the purpose of objecting to the jurisdiction of that court, and to the extent of setting up the pendency of the proceedings in the Madison Circuit Court, the fact that the ferry sought to be established by the Ford Lumber & Manufacturing Company in Clark county was the same that had been granted appellee by the Madison Circuit Court, the further fact that the Ford Lumber & Manufacturing Company had been made a party to the proceedings in the Madison Circuit Court, and in addition that appellee had filed in the Madison Circuit Court a petition for a writ of prohibition to be directed to the judge of the Clark County Court forbidding him to proceed further in the hearing of the application for a ferry privilege made by the Ford Lumber & Manufacturing Company. These objections were all overruled, and a continuance of the case refused by the Clark County Court. On the same day a temporary writ of prohibition was granted by the judge of the Madison Cir-

cuit Court, which was duly served on the judge of the Clark County Court upon the morning of the following day, after he had resumed the hearing of the motion of the Ford Lumber & Manufacturing Company in his court. Subsequently the appellants Clark County Court and J. H. Evans, county judge of Clark county, waived notice, and entered their appearance to the petition and motion for the writ of prohibition, moved to set aside the order granting the writ, and filed special and general demurrers to the petition, which motion and demurrers were overruled, and judgment duly entered making the writ of prohibition absolute, and from that judgment this appeal is prosecuted.

It is conceded by the appellants that the ferry privilege sought at the hands of the Clark County Court by the Ford Lumber & Manufacturing Company is for operating the same ferry the right to which was granted to appellee by the Madison Circuit Court on the appeal from the Madison County Court in the controversy between him and J. C. Richards, and that the Ford Lumber & Manufacturing Company, applicant in the Clark County Court for the ferry privilege, had granted to J. C. Richards the right to occupy and use its land on the Clark county side of the river for a landing and passway to the ferry. Appellants do not deny that if the Clark County Court had no jurisdiction of the motion pending there for the ferry privilege to the Ford Lumber & Manufacturing Company, then the judgment appealed from was correct. For the appellee it is insisted that as the Madison County Court on the original motion, and the Madison Circuit Court on appeal, first acquired jurisdiction of the matter of the ferry right, no other court could consider the question of granting a ferry privilege at the same place until the proceeding then pending in the Madison Circuit Court had been determined, and especially that this is true in view of the fact that

a judgment had been rendered by the Madison Circuit Court granting the ferry privilege in controversy to the appellee. In other words, it is contended that as the Kentucky river at the point where it is sought to establish the ferry is the dividing line between the counties of Clark and Madison, the jurisdiction of their respective county courts is concurrent; that is, the county court of either county may grant a ferry license at the point in controversy, but that where one of these courts assumes jurisdiction for that purpose the other can not thereafter do so, for the reason that the court first acquiring jurisdiction will retain it, to the exclusion of all other tribunals, until a final adjudication in reference to the subject of the action results.

We must sustain this contention of the appellee, as it seems to us to be sound in principle and consonant with reason. Indeed, no doctrine is better settled than that, "where two courts have concurrent jurisdiction, whichever court first acquires jurisdiction of a case will retain it throughout." Am. & Eng. Enc. of Law (1st Ed.), vol. 12, p. 292; Wells on Jurisdiction of Courts, 156; Ober v. Gallagher, 93 U. S., 199, 23 L. Ed., 829.

In Hawes, &c., v. Orr, &c., 10 Bush, 439, this court said: "We recognize the doctrine that the court first acquiring jurisdiction has a right to go on until it has performed its office in reference to the subject-matter in litigation, and will not allow itself to be ousted of its jurisdiction, or permit the thing in lite to be wrested from it so that it can not execute its judgment." Manifestly, this doctrine should be applied to the case at bar. The subject-matter of the proceedings in each of the two courts is the same; the parties or privies the same. At any rate, if the Ford Lumber & Manufacturing Company was not actually made a party to the proceedings in the Madison County Court, it

is well settled that "notice of an intended application for a grant of a ferry privilege is equivalent to service of process on all persons interested." Stahl v. Brown, 84 Ky., 328, 8 R., 279, 1 S. W., 540; Combs v. Sewall, 23 R., 169, 60 S. W., 169.

The statutory notice was given by the appellee in this case, and its publication duly proven. In addition, the Ford Lumber & Manufacturing Company, by its president, voluntarily went into the Madison County Court, and presented a written transfer to Richards of the use of its lands on the Clark county side of the river, where the proposed ferry will be established, by which it became the latter's privy. Furthermore, it was formally made a party to the proceedings in the Madison Circuit Court, of which it had notice before the issual of the writ of prohibition.

It is contended by counsel for appellant that if the Clark County Court was in error in holding that its statutory power to grant a ferry license was stayed by the pendency of the previous motion of appellee for a ferry privilege in the Madison County Court at the same point, the only remedy is by appeal; and in support of this contention the decisions of this court in Arnold v. Shields, 5 Dana, 18, 30 Am. Dec., 669, and Sasseen v. Hammond, 18 B. Mon., 673, are relied on. These decisions indicate the caution exercised by the courts in resorting to a remedy which in that developing period of our jurisprudence was so rarely needed; but latterly this court has found that cases sometimes arise where the right of appeal does not afford a plain, speedy, and adequate remedy, hence the aid of the writ of prohibition is more frequently invoked and allowed than was formerly the case. Indeed, this fact seems to have been recognized by the makers of our present Constitution, for section 110 of that instrument confers upon the Court of Appeals the

power "to issue such writs as may be necessary to give it general control of inferior jurisdictions."

In Hindman v. Toney, 97 Ky., 413, 17 R., 286, 30 S. W., 1006, this court, in construing the provision of the Constitution, *supra*, held that it gave the court plenary power to issue the writ of prohibition in every case when necessary to give it general control of inferior jurisdictions, but said that it would not be exercised when adequate relief could be obtained by appeal.

In Weaver v. Toney, 107 Ky., 419, 21 R., 1157, 54 S. W., 732, 50 L. R. A., 105, it was said: "In view of these cases, it must be recognized as settled law that in proper cases, where the inferior tribunal is proceeding out of its jurisdiction, the power of this court may be invoked to stay the exercise of such jurisdiction; and it would also seem in certain classes of cases that even where the inferior tribunal has jurisdiction, this court may likewise interfere, if the remedy by appeal is not entirely adequate, or if the court, in the exercise of its discretionary power, shall deem it necessary to so interfere."

In McCann v. City of Louisville, 23 R., 558, 63 S. W., 446, the magistrate courts, against which the writs of prohibition issued, undeniably had jurisdiction of the suits which they were forbidden to try. The circuit court, which issued the writs, had first acquired jurisdiction, and if the inferior courts had been allowed to proceed the result would have been tedious litigation, unnecessary costs, and in other respects confusion and conflict, which would have been highly prejudicial to the party in the right, and to the State as well. The parties in the Jefferson Circuit Court were not the same as those in the various actions brought in the courts of Magistrates McCann and Adams, against whom the writs of prohibition were issued, but

all could have been heard in the circuit court which granted; the writs of prohibition; therefore the action of the circuit court in granting the writs of prohibition was sustained by this court, which held that prohibition furnished the only adequate remedy in that case.

The same doctrine has been followed by the courts of last resort in many of the States. Havemeyer v. Sup. Court (Cal.), 25 Pac., 433, 10 L. R. A., 646; State v. Aloe (Mo.), 54 S. W., 494, 47 L. R. A., 399; Bullard v. Thorpe (Vt.), 30 Atl., 36, 25 L. R. A., 606, 44 Am. St. Rep., 867.

By section 479, Civil Code, the writ of prohibition is defined to be "an order of a circuit court to an inferior court of limited jurisdiction prohibiting it from proceeding in a matter out of its jurisdiction." We do not understand from this definition that the writ will lie only in a matter which was never or could not ever have been within the jurisdiction of the court prohibited, but includes also "a matter" which may have been but at the time the writ was issued had passed out of its jurisdiction. For instance, when an appeal has been taken, the jurisdiction once possessed by the lower court has passed from it, and it can be prohibited from considering it further. So when the jurisdiction is concurrent or co-ordinate, and one court acquires it, the matter has passed "out of the jurisdiction" of the other court, which might have entertained it had its powers been first invoked.

In the case at bar the necessity for a ferry at Ford had been established by the judgment of the Madison Circuit Court, and appellee granted the right to operate it, and the case had been continued only for the purpose of determining his right to the landing on the Clark county side of the river, which that court had jurisdiction to determine, even by awarding a writ of *ad quod damnum*, if necessary,

which judgment, and steps taken and contemplated, were fully known to the Ford Lumber & Manufacturing Company. It is manifest that the urgency of that company in pushing a trial of its application for the same ferry in the Clark County Court was for the purpose of trying to forestall the action of the Madison Circuit Court, thinking that pending the delay in ascertaining whether or not there was a public way to the street in Ford from the ferry on the Clark side, or in condemning one, it could get a judgment in Clark which might be pleaded in the Madison Circuit Court in bar of the proceedings in that court. To allow such a conflict between courts of concurrent jurisdiction would beget confusion and cause delay that might, and doubtless would, result in great injustice to the party in the right and also to the general public.

Being of the opinion that the writ of prohibition will afford appellee the only "plain, speedy, and adequate remedy," and that the facts of this case justified the circuit court in granting it, the judgment is hereby affirmed.

Petition for rehearing by appellants, overruled.