CASE 32—SEPARATE PETITIONS FOR WRIT OF PROHIBITION BY D. RUSH, JOSEPH SCHNEIDER, SAM COOK, McMULLINS & HIGGINS, W. A. LEWIS, CLARENCE EWING, LOUISE MOONEY, J. R. LETHRIDGE AND F. C. SCHOENTHALER, AGAINST H. H. DENHARDT, COUNTY JUDGE.—May 4, 1910.

## Rush, &c. v. Denhardt.

Appeal from Fayette Circuit Court.

WATTS PARKER, Circuit Judge.

Petition for writs of prohibition.—Writs issued.

1. Judges—Disqualification—Bias—Affidavits— Sufficiency. — In proceedings before a county judge to revoke liquor licenses, affidavits seeking to have the judge vacate the bench, showing that during his candidacy for office he issued a statement signed by him pledging himself to revoke all licenses in ex-

istence, and that in pursuance thereto he was actively en-
gaged in procuring testimony that the petitioners had vio-
lated the law, and that he was personally hostile to the peti-
tioners and so prejudiced that he could not give them a fair
and impartial trial, presented sufficient reasons why he should
not preside at the trial, since the statements in the affi-
davits must be taken as true, and the question of their suffi-
ciency is to be tested by what they contained, without re-
gard to any denial or explanation the judge may see proper
to make.

2.  Judges—Disqualification—Bias.—That a judge is strongly op-
posed to the sale of liquor in any form is not of itself suffi-
cient reason why he should not preside in the trial of cases
involving infractions of the liquor laws.

3.  Constitutional Law—Guilt of Accused—Unbiased Judge—Con-
stitutional Right of Accused.—That persons may be guilty of
infractions of the liquor laws does not deprive them of the
constitutional right to have a fair hearing of their case be-
fore an unbiased and fairminded judge.

4   Judges—County Judge—"Constitutional Officer."—The county
judge is a "constitutional officer."

5.  Prohibition—Grounds—Want of Jurisdiction.—The filing of an
affidavit of bias on the part of the county judge does not de-
prive him of jurisdiction of an application to revoke a
liquor license, so as to warrant the issuance of a writ of
prohibition.

6.  Prohibition—Existence of Other Remedy—County Judges—
Jurisdiction.—The county judge has power to pass upon the
sufficiency of an affidavit of bias, and, if he rules that it is
not sufficient, his decision is the exercise of a judicial dis-
cretion, however erroneous it may be, and cannot be con-
trolled by the writ of prohibition if the complaining party has
any other adequate remedy.

7.  Prohibition—Grounds—Lack of Other Remedy.—The Court of
Appeals may issue the writ of prohibition against inferior
jurisdictions, although acting within the scope of their juris-
diction, when the petitioner has no other adequate remedy.

8   Prohibition—Power to Issue Writ—Discretion of Court.—Un-
der Const. section 110, defining the jurisdiction of the Court
of Appeals, that court has large discretion, and the question
whether or not the writ of prohibition will issue must be left
to this discretion; each case being adjudged on its merits.

9.  Intoxicating Liquors—Prohibition—Grounds—Bias of Judge—
Liquor License—Revocation.—Under Ky. St.  section    4211,

providing that in proceedings to cancel liquor licenses an appeal may be prosecuted to the circuit court, but the order of the county court shall not be suspended until reversed, etc., where defendants in such proceedings prosecute an appeal the judgment of the county court revoking their licenses, they cannot sell liquor under the licenses pending the appeal, and, where it appears by affidavit of bias against the judge that they cannot have an impartial trial in the county court, the Court of Appeals will issue a writ of prohibition against the county judge prohibiting him from hearing the matter.

SIMS & RODES, THOS. W. THOMAS, GRIDER & HARLIN, T. W. & R. C. P. THOMAS, WRIGHT & McELROY and JOHN M. GALLOWAY for petitioners.

W. B. GAINES and McQUOWN & BECKHAM for respondent.

OPINION OF THE COURT BY JUDGE CARROLL.

The petitioners filed their respective petitions in this court against the respondent, asking that a writ issue prohibiting the respondent from hearing and determining proceedings against them pending in the Warren county court. The petitioners are merchants who have license under section 4203 of the Kentucky Statutes authorizing them to retail liquor in quantities of not less than a quart and respondent is the county judge of Warren county. Notice as provided in section 4208 of the Kentucky Statutes was executed upon each of the petitioners to appear before the respondent, sitting as the county court of Warren county, and show cause why the license should not be canceled for violating section 4204 (section 6146) of the Kentucky Statutes, making it unlawful for any person having such license "to furnish any liquor to any person who is drunk or who is a known inebriate, or who is under twenty-one years of age, or to sell any liquor on.

Sunday, or any other day the law may prohibit the sale thereof,'' and providing that the license of any person found guilty upon the hearing of such violation should be canceled. It appears from the petitions that, when the petitioners appeared in the county court in answer to the notice, they filed their respective affidavits and moved that the respondent vacate the bench and permit the proceedings to cancel the license to be heard before some other person sitting as judge of the court. The respondent, conceiving that the affidavits did not present sufficient reasons to prevent him from hearing and disposing of the motions, declined to vacate the bench and announced his purpose to hear and adjudge the cases. Thereupon the petitioners filed their petitions in the Warren circuit court and moved that court to issue a writ of prohibition against the respondent to compel him to vacate the bench. The Warren circuit court declined to issue the writ, and the petitioners have brought the matter before us and ask that we direct the writ to issue.

The statute, in section 4208, confers upon the county court ample authority to cancel the license of any merchant found guilty upon a hearing after due notice of violating the law; and so no question is made that the respondent, acting as the county court of Warren county, did not have jurisdiction of the petitioners as well as the subject-matter in controversy. But it is insisted that the affidavits filed set out sufficient reasons why the respondent should not hear or determine the matter before him, and that when the affidavits were filed he should have vacated the bench. The affidavit set out that the respondent was elected county judge of Warren county in November, 1909, and that during his candi-

dacy for the office he issued and distributed over the county a paper signed by him, in which he said, among other things of like character: "If I am elected county judge—and if I get your help and that of the rest of the temperance Democrats, I will surely win the race—there will be no saloons in Warren county, or in or out of Bowling Green. The people who want whisky will have to ship it if they use it in this county during my term of office. And I will revoke every license now in existence. It is easy for you to see why the whisky ring and their clackers are against me. I courted their opposition and that of every other violator of the law. I have prosecuted them whenever I have been able to secure evidence, and with the power given to the county judge I can put open saloons and the blind tiger and every other whisky joint out of business as long as I can have the backing of good people." It further set out that the respondent, pursuant to his written and signed pledge, was actively engaged in an effort to procure testimony showing that the petitioners had violated the law governing the sale of liquor; and that he was personally hostile to the petitioners, and each of them, and was so prejudiced against all persons engaged in the business of selling liquor that he could not give the petitioners a fair and impartial trial. The affidavit contained many other reasons along this line, why the respondent would not give the petitioners a fair trial; but it seems unnecessary to set it out more in detail. We think there can be no doubt that the affidavit presented good and sufficient reasons why the respondent should not preside at the trial in these cases. The statements contained in it must be taken as true. Indeed, if they could be denied, it would not be competent to do so, nor

would the denial have any effect on their sufficiency or confer upon respondent the right to sit if he would not have such right had no denial been made. The settled practice is that the statements in the affidavits must be accepted as true, and the question of its sufficiency tested by what it contained without regard to any denial or explanation the court or judge may see proper to make. Wathen-Mueller Co. v. Com. 116 S. W. 339; Powers v. Com., 114 Ky. 237, 70 S. W. 644, 24 Ky. Law Rep. 1007; Id., 114 Ky. 237, 71 S. W. 494, 24 Ky. Law Rep. 1350; Givens v. Crawshaw, 55 S. W. 905, 21 Ky. Law Rep. 1619; German Ins. Co. v. Landram, 88 Ky. 440, 11 S. W. 367, 592, 10 Ky. Law Rep. 1039; Kentucky Journal Pub. Co. v. Gaines, 110 S. W. 268, 33 Ky. Law Rep. 402; Massie v. Com., 93 Ky. 588, 20 S. W. 704, 14 Ky. Law Rep. 564.

We do not, however, put our conclusion as to the sufficiency of the affidavit upon the ground that the respondent was hostile to the liquor traffic. The fact that a judge is strongly opposed to the sale of liquor in any form is not of itself sufficient reason why he should not preside in the trial of cases involving infractions of the liquor laws of the state. But, when, a judge has publicly pledged and committed himself to revoke the license of every person arraigned before him having license to sell liquor, and is personally hostile to the licensees, it is certainly good reason why he should not try cases involving the revocation of the license. The respondent had virtually determined the cases against the petitioners prior to the time they came before him. It was only necessary that he should sit as the county court of Warren county to go through the form of putting into effect the judgment he had previously

formed and expressed.   The petitioners may be
guilty, but this does not furnish any excuse for the
refusal of the respondent to vacate the bench.   The
evidence  may conclusively establish that their li-
censes should be revoked, but this does not and should
not deprive them of the constitutional right to a fair
hearing of their case before an unbiased and fair-
minded court.   The county judge is a constitutional
officer, who has many and important judicial func-
tions to perform.   And it is an indispensable requisite
to the proper administration of justice that not only
county judges, but all  judges, should come to the
hearing of a cause in such a judicial frame of mind
as to be able to give a fair and impartial judgment.
Manifestly, the respondent could not do this.   But the
fact that the affidavit was sufficient to induce a judge
having the proper  appreciation of the honor and
dignity of his office to vacate the bench does   not
reach the question that the filing of it divested the
respondent of jurisdiction to hear and determine the
case.   If, after the affidavit was filed, the respondent
in continuing  to sit would be acting outside  his
jurisdiction, there can be no doubt that the petition-
ers would have a right to the writ, and that the cir-
cuit court could have issued it.   Jenkins v. Berry,
119 Ky. 350, 83 S. W. 594, 26 Ky. Law Rep. 1141;
Clark County v. Warner, 116 Ky. 801, 76 S. W. 828,
25 Ky. Law Rep. 857; Com. v. Berry, 92 S. W. 936,
29 Ky. Law Rep. 234; Hindman v. Toney, 97 Ky.
413, 30 S. W. 1006, 17 Ky. Law Rep. 286; Weaver
v. Toney, 107 Ky. 419, 54 S. W. 732, 21 Ky. Law
Reu. 1157, 50 L. R. A. 105; Hargis v. Parker, 85 S.
W. 704, 27 Ky. Law Rep. 441, 69 L. R.A. 270.

But the failure of the respondent to do what it
seems to us was his plain and unmistakable duty does

not give us warrant to issue the writ upon the ground
that the affidavit divested him of jurisdiction to hear
and determine the cases.    The jurisdiction he un-
doubtedly had to hear and decide was not taken from
him by the affidavit and motion.    He had the same
legal right to dispose of the question raised by the
affidavit as he did to dispose of any other question that
might come before him in the trial of the cases.    The
law gives to the judge the right to pass on the suffic-
iency of the affidavit, and, however strongly its suf-
ficiency might appeal to the unprejudiced official, if
the judge to whom it is presented closes his mind to
its sufficiency and rules that it is not sufficient, his
decision is the exercise of a judicial discretion, how-
ever erroneous it may be, and cannot be controlled
by the writ of prohibition if the complaining party
has any other adequate remedy.    It is an error that
can, generally speaking, only be reviewed on appeal,
such as any other error committed in the trial of a
case.    If we should once lay down the rule that ap-
plication by original proceeding might be made to
us to stay the hand of inferior jurisdictions, whenever
in the opinion of counsel the ruling was prejudicial
although it might not leave the complainant without
adequate remedy, we would have much of our time
occupied in the settlement of questions that could be
brought before us in the regular way by appeal. In-
ferior courts would be obstructed in the hearing and
disposal of cases, and much confusion and uncertain-
ty would follow.    Schobarg v. Manson, 110 Ky. 483,
61 S. W. 999, 22 Ky. Law Rep. 1892; Galbraith v.
Williams, 106 Ky. 431, 50 S. W. 686, 21 Ky. Law
Rep. 79.

It is further argued on behalf of the petitioners
that, although it should be held that the respondent

in adjudging the affidavits insufficient was exercising a judicial function, and so would not be acting outside his jurisdiction in hearing and determining the case, yet, as the petitioners have no adequate remedy to protect themselves against the adverse judgment he will enter, the writ should go. That this court may issue the writ against inferior jurisdictions, although acting within the scope of their jurisdiction when the petitioner has no other adequate remedy, has been declared in Montgomery v. Viers, 130 Ky. 694, 114 S. W. 251, and Commonwealth v. Peter, 124 S. W. 896, as well as in the other cases heretofore cited. But the character of the relief to which the petitioner must be entitled to give him the right to his writ has not been defined. Indeed, it is not capable of exact definition. The Constitution (section 110) reading: "The Court of Appeals shall have appellate jurisdiction only, which shall be coextensive with the state, under such restrictions and regulations not repugnant to this Constitution, as may from time to time be prescribed by law. Said court shall have power to issue such writs as may be necessary to give it a general control of inferior jurisdictions"— gives us large discretion, and to this discretion must be left the disposal of the question whether or not the writ will go. Each case must be adjudged on its merits. Looking at the matter from this standpoint, let us see if the petitioners have an adequate remedy to obtain relief from the decision that will be rendered against them by the respondent, and whether or not they are entitled to the writ.

Section 4211 of the Kentucky Statutes (Russell's St. section 6153) provides, that in a proceeding to cancel the license of a liquor dealer, "an appeal may be prosecuted by the county attorney or the defend-

ant to the circuit court  from  any decision of the county court under this article; but the order of the county court shall not be suspended until reversed by the circuit court.  Where the appeal is taken by the county attorney an appeal bond shall not be required.'' Under this statute, if the petitioners prosecute an appeal  from the judgment of the county court revoking their license, they cannot sell liquor under the license pending the appeal.  Simpson v. Com., 104 S. W. 269, 31 Ky. Law Rep. 821.  The fact that they may supersede the judgment of the county court will not have the effect of suspending its judgment, as this would be to nullify the statute.  So that, if the cases on appeal in the circuit court were decided favorably to the petitioners, they would yet be deprived of the benefits their licenses entitled them to between the date of the  decision in the county court and the rendition of the judgment in the circuit court.  And it is upon this theory that the argument is pressed upon us that unless we issue the writ the petitioners will have no adequate relief from the adverse judgment they have good reason to believe will be entered by the respondent.  In answer, it is insisted by counsel for the respondent that it would be extending to unreasonable limits the original jurisdiction of this court conferred by the Constitution to grant relief to a party that the statute under which he was carrying on business did not afford him.  It is said that, if the petitioners will be denied the privilege of exercising the rights conferred by the license during the pendency of the appeal, it is only because the Legislature has so declared. That the Legislature might have made the decision of the county court final and refused an appeal entirely, and that the mere giving of an appeal in accordance

with the legislative will, is not the denial of an adequate remedy, any more than are the statutes providing that in certain cases there shall be no appeal unless the amount in controversy is above a certain sum. In support of this line of argument, it is said that, if we should hold that the petitioners had no adequate remedy, it would follow that the same ruling should be made if a writ of prohibition was sought to prevent a quarterly court from rendering a judgment for less than $25 in a case pending before it, or a circuit court from rendering one for less than $200, as in neither of these instances could the unsuccessful party obtain relief from the judgment as the statute allows no appeal. And in this connection our attention is called to the case of Standard Oil Company v. Linn, 32 S. W. 932, 17 Ky. Law Rep. 832, in which the Standard Oil Company applied to this court for a writ of prohibition to arrest proceedings upon 65 separate indictments returned against it by the grand jury of Calloway county. The ground of the application was that, if the decision of the circuit judge was adverse to the company, no appeal could be prosecuted to this court, as the fine imposed would not be sufficient to authorize an appeal. In denying the writ, the court said: "It is not contended the circuit court is without jurisdiction to try these indictments, and it must be conceded it has full and complete power to determine all questions pertaining to the trial made by counsel on either side. * * *. The fact that no appeal is given cannot affect the question, because the legislative department of the state has the power of limiting the jurisdiction of this court as to appeals."

But we think there is a sound distinction between the cases before us and one in which we might be

asked to issue the writ to stay a court of inferior jurisdiction from hearing and disposing of a case in which the statute did not allow an appeal from an adverse judgment against the petitioner. In making this distinction, however, we are not to be understood as deciding that we would not in any case issue the writ to restrain the rendition of a judgment from which no appeal would lie. That question is not before us. But we have the power, whenever justice and the right of the matter seem to demand it, to interfere in behalf of a petitioner who has no adequate remedy or means of obtaining relief except to invoke the extraordinary power conferred on this court by the Constitution. And a case might present itself in which the ends of justice would require us to issue the writ to restrain an inferior jurisdiction from doing an act or rendering a judgment that the complaining party in the ordinary course of judicial procedure would have no relief against.

As courts are established to administer justice, why should not the highest court in the state, when there is no other adequate remedy, in the exercise of the ample and unquestioned power conferred upon it, lay its superintending hand upon any inferior jurisdiction that is about to commit a judicial wrong and compel it to administer justice according to the right of the case? However, it is not necessary to further pursue this line of thought. In the case before us, the Legislature has given both to the commonwealth and the liquor dealer the right to appeal from the judgment of the county court to the circuit court, and from the circuit court to this court, thereby declaring that any decision entered by the county court should be subject to review and reversal by the circuit court, and any decision rendered by the circuit

court should be subject to review and reversal by this court. Having granted the right of appeal, it seems manifest that the Legislature did not contemplate that the licensee would be arbitrarily deprived of his license by the county court, but rather that he should have a fair hearing in that court, and after such a hearing his license, if revoked, would be suspended until a trial in the circuit court. But, when it is made to appear, as in these cases, that the judge of the county court will not grant a fair hearing, but will cancel the license whether or no, then the licensee, without the statute so intending, is deprived of a privilege he had the right to enjoy. It therefore becomes important that an impartial trial should be had in the county court; and, when this cannot be had, this court in the interest of justice will exercise its power and grant relief from a condition not intending to exist by the statute.

Wherefore, the whole court sitting, it is ordered that a writ issue in behalf of each of the petitioners against the respondent, Denhardt, as judge of the county court of Warren county, prohibiting him from hearing or determining the proceedings pending in the Warren county court to revoke the license of the petitioners or any of them.