## Elk Stave Lumber Company v. Lewis, Judge, et al.

(Decided October 11, 1921.)

### Petition for Writ of Prohibition.

Prohibition—Discretion as to Grant of Writ.—The Court of Appeals will not interfere by writ of prohibition with the judge of an inferior court, when he is proceeding within his jurisdiction and the complaining party has an adequate remedy for any wrong that an erroneous decision may do him.

A. T. W. MANNING for plaintiff.

OPINION OF THE COURT BY CHIEF JUSTICE HURT—Dismissing.

The plaintiff, Elk Stave Lumber Company, seeks a writ of prohibition against William Lewis, judge of the Clay circuit court, to prohibit him from proceeding to try an action of the Elk Stave Lumber Company against P. D. Marcum, et al., on the 12th day of October, 1921. The ground upon which the writ of prohibition is sought is that the action does not stand for trial at the term of the court which includes the 12th day of October, but the defendant, as judge of the circuit court, it is alleged, erroneously decided that it did stand for trial at that term, and over the objection of the plaintiff, ordered it to be set down for trial for the date stated, and if not prevented by writ of prohibition, will proceed to a trial of it upon that date. It is alleged that the defendant was in error in construing the provisions of the Civil Code relating to the time that actions stand for trial, and will make such error again on the day set for trial, unless prevented by the process of this court. There is no pretense that the court, in which the action is pending, has not jurisdiction of the subject matter of the action and of the parties, both plaintiff and defendant. This court has continuously held that it will not interfere, by a writ of prohibition, with the judge of an inferior jurisdiction, if he is proceeding within his jurisdiction and there is an adequate remedy by appeal from any erroneous decision he may make. Fitzpatrick v. Young, 160 Ky. 5; Rush v. Denhardt, 138 Ky. 238; Hargis v. Barker, 27 R. 441; Morgan v. Clements, 153 Ky. 33; Carey v. Sampson, 150 Ky. 460; Jenkins v. Berry, 119 Ky. 350; Hindman v. Toney, 97 Ky. 413.

The plaintiff has a right of appeal from a final judgment in the action which he is waging against P. D. Mar-

cum, et al., and there is nothing to indicate that as a remedy it will be inadequate to redress any wrongs that he may suffer, or has suffered in the action on account of decisions of the court. To sustain the petition in this action would be to hold that a party to an action could apply to this court for a writ of prohibition on account of every apprehended adverse decision of a trial court which is proceeding entirely within its jurisdiction, and in effect have a decision of this court upon every issue in the action, before a decision by the trial court.

The petition is therefore dismissed.