## Adams Express Company v. Young, Judge of the Rowan Circuit Court.

(Decided April 25, 1919.)

### Petition for Writ of Prohibition.

1. Intoxicating Liquors—Carriers—Inebriates.—Act of 1914, Sec. 2369b, Kentucky Statutes, constituting as it does the whole law upon the subject of intrastate shipments of intoxicating liquors, a carrier is not subject to indictment for an alleged violation of section 1307, Kentucky Statutes, relating to the furnishing, etc., of such liquors to an inebriate.

2. Prohibition—Existence and Adequacy of Other Remedies.—A writ of prohibition will be granted even though the circuit court had jurisdiction; when an appeal will not furnish an adequate remedy, or there is no other remedy, and where great and irreparable injury would result in refusing to grant it.

LAWRENCE MAXWELL, J. S. GRAYDON and E. HOGG & JAMES CLAY for petitioner.

CHARLES H. MORRIS, Attorney General, and D. O. MYATT, Assistant Attorney General, for respondent.

OPINION OF THE COURT BY JUDGE QUIN—Granting writ. of prohibition.

The petitioner, Adams Express Company, has applied to this court for a writ of prohibition against the respondent as judge of the Rowan circuit court to prevent him from proceeding with the trial of ten indictments against the petitioner for violations of section 1307 Kentucky Statutes, which section is as follows:

"Any person who shall sell, lend, give, procure for, or furnish spirituous, vinous or malt liquors, or any mixture of either, knowingly, to any person who is an inebriate or in the habit of becoming intoxicated or drunk by the use of any such liquors, or who shall suffer or permit any such person to drink any such liquors in his bar room, saloon, or upon the premises under his control, or in his possession, shall be fined for each offense fifty dollars, and the person so offending, together with the sureties on his bond, if he has executed a bond to enable him to sell liquor, be liable to a civil action for damages by the wife, or the father, or the mother, or the child of such inebriate, or person so in the habit of becoming intoxicated or drunk, in which punitive damages may be assessed; but the person so selling shall not be liable in a civil action to the wife, father, or other relation, unless written notice forbidding such sale has been given the person so selling prior to the offense complained of, and such action shall be brought within one year from the time the cause of action has accrued, and not after."

Demurrers to those indictments were filed and overruled. It is alleged that the penalty for violation of this statute is a fine of $50.00 from which there is no appeal; that this section does not apply to the delivery of liquor by a carrier; that unless restrained by this court, respondent will erroneously and illegally proceed to cause the petitioner to be fined in each of the cases to its irreparable damage and injury, when it has no adequate or any remedy by appeal or otherwise.

It is also charged that respondent will, unless prohibited by this court, cause the grand juries of the other counties comprising the Twenty-first Judicial District to return indictments against it in probably more than one hundred cases for the same offense, and thus cause it to defend many vexatious indictments at a large expense in costs, attorneys' fees and fines. The shipments in-

volved in the indictments originated in Catlettsburg and Lexington, where the sale of liquor is authorized, and were delivered at Morehead, in Rowan county, local option territory, and it is stated that petitioner had no interest in said liquor other than as a common carrier to deliver same to the consignor.

A response was filed putting in issue substantially all the allegations of the petition.

There is nothing in the record to indicate that respondent had acted or was about to act in an arbitrary manner relative to said indictments.

The application of the statute to the petitioner and its right to the writ sought are the two questions presented for our decision.

First. We are of the opinion that petitioner is not subject to indictment under the section quoted.

A brief history of legislation in this state regulating the shipment of intoxicating liquors will be found in Adams Express Co. v. Crigler & Crigler Co., 161 Ky. 89.

A statute of 1906 (Ky. Stats. 2569a) made it unlawful for a carrier to transport liquor into dry territory, but permitted the individual to carry not exceeding one gallon of liquor as personal baggage for his private use.

Inasmuch as Congress had exclusive control over interstate commerce, this act of 1906 did not apply to interstate shipments, hence shipments of liquor originating outside the state could be shipped into dry territory in the state.

The Webb-Kenyon law, passed by Congress in 1913, withdrew from interstate shipments into dry territory the protection previously given such shipments.

As a result of the Webb-Kenyon law in connection with the act of 1906, an interstate shipment of liquor for personal use, into dry territory could be made, but a similar intrastate shipment could not be made. See Adams Express Co. v. Commonwealth, 154 Ky. 462.

The anomalous situation thus presented was corrected by an act of March 8, 1914 (Ky. Stats., sec. 2569b), which permitted intrastate shipments of liquor into dry territory under certain conditions therein specified.

In Adams Express Co. v. Crigler & Crigler, *supra,* we held that the act of 1914 repealed section 2569a.

For many years prior to this legislation the statutes made it unlawful to sell, lend, give, procure for or fur-

nish intoxicating liquors to minors or inebriates (secs. 1306 and 1307 Ky. Stats).

Section one of the act of 1914 (Ky. Stats., sec. 2569b, subsec. 1) provides in part as follows:

"And it shall be unlawful for any person to buy for, sell, furnish, or knowingly deliver, ship or in any manner transport to any such person as first above mentioned in this section, or his agent, or any minor, any of the liquors heretofore mentioned."

The opinion in the Crigler case, *supra*, would seem conclusive of the question before us, when the court says:

"Applying these well settled rules of construction to the act of 1914, we find it impossible to avoid the conclusion that it repealed section 2569a. Section 8 of the act of 1914 expressly declares its intention to repeal 'all acts and parts of acts' inconsistent with the provisions of that act. That the provisions are inconsistent, and that the act of 1914 was intended to constitute the whole law upon the subject of intrastate shipments, is easily apparent, when the two laws are contrasted."

Why the legislature included minors in the new act and did not include inebriates is not for us to say. It is the duty of the court to interpret, not make, laws. The power to legislate is delegated to the legislative department. Constitution, secs. 27, 28.

As evidenced by the above quotation the act of 1914 was intended to constitute the whole law upon the subject of intrastate shipments; and this being true we are constrained to hold that section 1307 does not apply to the petitioner as a common carrier. It is not for us to question the reason or the wisdom of the legislature in excluding inebriates from the provisions of the act. If designedly done it is a matter that must address itself to the law making body; if the omission was unintentional, then that same body can correct it.

Second. The writ will have to be granted.

In defining the jurisdiction and power of this court section 110 of the Constitution vests in this court the power to issue such writs as may be necessary to give it general control of inferior jurisdictions.

Where the lower court is proceeding out of its jurisdiction and there is no adequate remedy for the threatened wrong this court will grant the writ. This court has granted the writ in cases where respondent had jurisdiction, but when an appeal would not furnish an ade-

quate remedy or there was no other remedy, and where great and irreparable injury and injustice would result. Board of Prison Commissioners v. Crumbaugh, 161 Ky. 540.

This subject is elaborately treated in the case of Western Oil Refining Co. v. Wells, 180 Ky. 32, wherein the court, after referring to numerous cases, thus states:

"In that case many others from this court are referred to and it is clearly shown that if the court sought to be prohibited has jurisdiction, and the one seeking the writ has a remedy, by appeal or otherwise, for the correction of any erroneous judgment that might be rendered this court will not interfere by issuing the writ, but, on the other hand, if the court sought to be prohibited has jurisdiction, if there exists no other remedy to correct any erroneous judgment which it might render, and great and irreparable injury would thereby result, this court, upon proper application and in the exercise of a sound discretion will grant relief."

The writ was denied in that case as the right of appeal from the county court to the circuit court furnished the petitioner an ample and adequate remedy.

The granting of a similar writ was denied in Carey v. Sampson, 150 Ky. 460, where the contention was that the court would decide the case erroneously and there was no appeal. The validity of the statute under which petitioner in said case was indicted was not attacked.

In the following cases the writ issued: I. C. R. R. Co. v. Rice, 154 Ky. 198, prohibiting a county judge from trying a number of suits instituted in the quarterly court, the amounts not permitting of an appeal.

Rush v. Denhardt, 138 Ky. 238, prohibiting a county judge from trying cases involving the revocation of liquor licenses.

Renshaw v. Cook, 129 Ky. 347, restraining a circuit judge from interfering with an application for an injunction before the county judge.

Clark County Court, &c. v. Warner, 116 Ky. 801, affirming a judgment of the circuit court prohibiting a county court from issuing a ferry license.

No useful purpose would be served by multiplying the authorities. The principle established by the adjudged cases of this court, to order the writ where great and irreparable injury and injustice would result through

a refusal to grant it seems applicable here, the petitioner having no right of .appeal and being without other adequate remedy.

Since the act of 1914 embraces the whole law of intrastate shipments, and contains no provision as to the delivery by a carrier of intoxicating liquors to inebriates, the petitioner is not subject to indictment for the acts charged.

Wherefore a writ will issue prohibiting the respondent from proceeding further in the matter of the indictments referred to.