---

## Lisanby v. Bush, Judge.

(Decided January 9, 1920.)

### Application for Writ of Prohibition.

1. Prohibition—When Court of Appeals Will Issue Writ of.—A writ of prohibition directed to the judge of an inferior court to prohibit him from hearing or disposing of a case pending in his court will not be issued by this court under the authority of section 110 of the Constitution unless it appears that the inferior court has no jurisdiction of the case and the complainant has no adequate remedy by appeal or otherwise; or it plainly appears that he would suffer great or irreparable injury if the writ was not issued.

2. Prohibition—When Right to Apply for Will Be Waived.—Whether party applying for writ will waive his right to do so by filing general demurrer and answer is not decided.

R. W. LISANBY for petitioner.

SELDON Y. TRIMBLE for respondent.

OPINION OF THE COURT BY CHIEF JUSTICE CARROLL—
Denying writ of prohibition.

This is a petition filed in this court under the authority of section 110 of the Constitution by R. W. Lisanby against the Hon. C. H. Bush, judge of the third judicial district, asking that a writ issue against Judge Bush prohibiting him as judge from taking jurisdiction of or hearing or determining a case pending in the Christian circuit court under the style of E. C. Radford, plaintiff v. R. W. Lisanby, defendant.

In the petition of Radford, which was filed in March, 1919, it was averred in substance that in 1916 he was the owner of certain tracts of land in the suburbs of and adjoining the city of Princeton in Caldwell county, Kentucky, which he had subdivided into lots and advertised them for sale at public auction in May, 1916; that a short time before the day of sale Lisanby maliciously and fraudulently and for the purpose of breaking up the proposed sale and to injure Radford, put an advertisement in the Princeton paper warning prospective purchasers that everyone who purchased a lot would be required to build a macadam pike in front of it; that on the day of sale and when the crowd had assembled Lisanby distributed printed notices throughout the crowd making the same statements contained in the advertisement, all of which were false and untrue and made for the malicious and fraudulent purpose of inflicting financial damage on the plaintiff; that a large crowd had gathered at the sale for the purpose of buying the lots but were prevented from doing so by the publication, and as a result of the publication the property when sold brought much less than it would have brought except for the acts of Lisanby. He asked damages in the sum of $5,000.00.

Lisanby was served in Christian county with a summons issued on this petition and when the case came on to be heard filed a special demurrer challenging the jurisdiction of the court, and when this was overruled filed a general demurrer which was overruled; thereafter and without waiving the objections made by the demurrers he filed an answer in five paragraphs setting up (1) that the lots Radford proposed to sell were located within the corporate limits of the city of Princeton in Caldwell county; (2) denying that he fraudulently or maliciously caused the advertisement complained of to be inserted in the Princeton paper, or the advertisement to be distributed on the day of sale; and also denied

that Radford had suffered any injury or loss by reason of the publication or the conduct of the defendant; (3) that in the years 1915 and 1916 he was the mayor of the city of Princeton. and that in 1915 the city council adopted an ordinance providing in substance that if any territory should be opened up containing streets dedicated to the public with lots abutting on the streets that it would be the duty of the purchasers and owners of lots to immediately macadamize the street in front of the lots and that if they failed to do so the city might have the work done at the cost of the property owners; that conceiving it to be his duty as mayor to advise prospective purchasers of this ordinance, he procured the same, and nothing more, to be published in the Princeton paper and caused the notice that appeared in the paper to be circulated in printed form on the day the lots were to be sold; that what he did could not be made the basis of an action because it was privileged; (4) that if the lots sold for less than their market value it was because Radford, who knew of the existence of this ordinance had failed to comply with its requirements by having the streets macadamized, or to announce at the sale the moderate sum the macadamizing would cost purchasers of lots; (5) that he was and is a resident and citizen of the city of Princeton in the county of Caldwell; that the newspaper in which the advertisement appeared was published in that city and the advertisements were there only distributed; that the acts complained of by Radford were committed in the city of Princeton and not elsewhere and more than one year next before the filing of the petition. He also relies on the one year statute of limitation.

A general demurrer filed by Radford to each paragraph of the answer and to the answer as a whole was overruled and in the ordinary course of procedure the case will come on for trial in the Christian circuit court at its next term.

Passing the question as to whether Lisanby waived his right to apply to this court for a writ of prohibition after having entered a general demurrer to the petition and filed an answer, only for the reason that we desire to dispose of the case on its merits, it must be apparent from this brief recital of the facts appearing in the record that if we should issue a writ prohibiting Judge Bush from hearing and determining this case, that this

court would soon be burdened with writs of prohibition coming from litigants who for one reason or another objected to having cases against them brought or decided in courts except of their own selection.

It was not intended in the adoption of section 110 of the Constitution giving this court "power to issue such writs as may be necessary to give it a general control of inferior jurisdictions" that the Court of Appeals should interfere with or attempt to direct or control the practice or procedure pursued by inferior courts within their discretion and jurisdiction, except when it was plainly made to appear that great or irreparable injury would result to the complaining party; or stay their hands when proceeding without their jurisdiction if there was an adequate remedy by appeal or otherwise.

In Western Oil Refining Co. v. Wells, County Judge, 180 Ky. 32, the court, after a citation of many authorities, said:

"Under section 110 of the Constitution this court has power to issue such writs as may be necessary to give it a general control of inferior jurisdictions, and it is well settled that a writ of prohibition may issue in a case like this whenever the inferior court is proceeding out of its jurisdiction, or where it has jurisdiction, but an appeal will not furnish an adequate remedy or there is no other remedy. . . .

"In no instance has a writ of prohibition been allowed against a court proceeding out of its jurisdiction or erroneously within its jurisdiction when any other remedy for the threatened wrong existed, which was adequate. If the right of appeal exists and it is an adequate remedy, the complaining party must be relegated to his remedy through appeal. A review of all the cases decided by this court upon applications for writs of prohibition under section 110, *supra,* sustains the view, that the writ is granted as a matter of sound discretion, determined by the facts of the particular case, which must present an exceptional or unusual state of facts, which make it apparent that an injury or violation of one's rights is threatened, and against the results of which he has no adequate remedy, other than the writ of prohibition."

Following the rule laid down in this case, which is in harmony with the rule announced in many others, among them Adams Express Co. v. Young, Judge, 184 Ky. 49,

the granting of the writ of prohibition in this case would be a gross abuse of the power vested in this court by the Constitution.

For the purposes of our decision and to the end that there may be no misunderstanding as to its meaning or effect it may be conceded that the Christian circuit court had no jurisdiction of the action; that the alleged libel was absolutely privileged; and that the plea of limitation presented a complete defense to the action, but these assumed conditions would not authorize the writ.

We say this because it is perfectly plain that the petitioner has an adequate remedy by appeal from any judgment that may be rendered against him and that he will not suffer any more loss, injury or inconvenience than any other litigant against whom an alleged unfounded or fictitious suit is instituted. Accordingly any relief that the petitioner may desire must be secured in the ordinary course of procedure.

Wherefore the writ is denied at the cost of the petitioner.