## Ledford v. Lewis, Judge.

(Decided January 18, 1929.)

A. T. W. MANNING for plaintiff.

WILLIAM LEWIS pro se.

OPINION OF THE COURT BY CHIEF JUSTICE McCANDLESS—Dismissing petition for mandamus.

Petitioner, Albert S. Ledford, seeks a mandamus requiring the Honorable William Lewis, judge of the Twenty-Seventh judicial district, to vacate the bench and certify his disqualification to preside upon the trial of the action of Albert S. Ledford, Plaintiff, v. Millard Hubbard, Defendant, now pending in the Clay circuit court, to the end that a special judge may be appointed to preside therein.

It is substantially alleged in the petition that plaintiff and Millard Hubbard were rival candidates for the office of sheriff of Clay county, at the regular November election, 1925. Hubbard was awarded the certificate of election. Plaintiff filed a contest for the office and judgment was rendered in the circuit court in favor of Hubbard, and plaintiff appealed to the Court of Appeals, which reversed the judgment of the circuit court and awarded the office to plaintiff, whereupon he assumed the duties of the office. Notwithstanding these proceedings, Hubbard qualified as sheriff on the first Monday in January, 1923, and performed the duties of such office during the pendency of the legal proceedings. After his qualification, plaintiff instituted an action in the Clay circuit court against Hubbard to recover the fees and emoluments of the office which had been collected by Hubbard. He further states that in all of the contest proceedings the defendant represented Hubbard as attorney and chief counsel; that the contest was one of the hardest fought cases tried in Clay county, and created a great deal of public feeling and sentiment; that at the November, 1927, election defendant was elected and qualified as judge of the Twenty-Seventh judicial district on the first Monday in January, 1928; that, at the first term of court after his qualification, plaintiff filed an affidavit in the second action of Hubbard v. Ledford, setting forth the above facts and asking the defendant to vacate the bench in that action and to certify his disqualification for the purpose of the appointment of a special judge to hear and determine that case. The affidavit is made an exhibit and conforms to the allegations of the pleading, concluding:

"Affiant further says that the reason above stated is the only reason for asking the trial judge to vacate the bench in the trial of this action, and further says that any person who having been actively engaged in the preparation and trial of such a contest election case could not give the adverse party to said action the same fair and impartial trial for the emoluments and fees of said office that he could if he had no connection whatever with the trial of said contest election case."

A further allegation in the pleading being that the court overruled plaintiff's motion, and that he subse-

quently renewed same at a later date, and that the action had pended during the year 1928. The defendant has filed a special demurrer, and without waiving this a general demurrer, and without waiving either a response showing his reasons for not vacating the bench. But, inasmuch as we have reached the conclusion that the special demurrer must be sustained, the other matters will not be considered.

Section 110 of the Constitution provides:

"The court of appeals shall have appellate jurisdiction only, which shall be co-extensive with the state, under such restrictions and regulations not repugnant to this constitution, as may from time to time be prescribed by law. Said court shall have power to issue such writs as may be necessary to give it a general control of inferior jurisdictions."

The power thus conferred upon this court to exercise supervisory control over inferior courts by original writ has uniformly been restricted to cases in which the inferior court lacks jurisdiction or is proceeding out of its jurisdiction or where in the exercise of its jurisdiction it clearly appears that great and irreparable injury will result to the complaining party, and for which there is no adequate remedy by appeal or otherwise. Hindman v. Toney, 97 Ky. 413, 30 S. W. 1006, 17 Ky. Law Rep. 286; Fitzpatrick v. Young, 160 Ky. 5, 169 S. W. 530; White v. Kirby, Judge, 147 Ky. 496, 144 S. W. 369; Renshaw v. Cook, 129 Ky. 347, 111 S. W. 377, 33 Ky. Law Rep. 860; Carey v. Sampson, 150 Ky. 460, 150 S. W. 531; Rush v. Denhard, 138 Ky. 238, 127 S. W. 785, Ann. Cas. 1912A, 1199; Fish v. Benton, Judge, 138 Ky. 444, 128 S. W. 1067; Ohio River Contract Co. v. Gordon, 170 Ky. 412, 186 S. W. 178; Lisanbee v. Bush, 186 Ky. 448, 217 S. W. 354: Duffin v. Field, 208 Ky. 543, 271 S. W. 596; Ketcham v. Manning, 212 Ky. 325, 279 S. W. 344; Potter v. Gardner, Judge, 222 Ky. 487, 1 S. W. (2d) 537; Litteral v. Woods, Judge, 223 Ky. 582, 4 S. W. (2d) 395.

It will at once be observed that the complaint is in effect a request for a review of the order of the circuit court refusing to vacate the bench, a matter within his jurisdiction and which may be considered by this court on final appeal, and ample relief then be afforded petitioner. Without reviewing the numerous authorities cited above, it may be said that this question was fully

considered in Duffin v. Field, supra, and the conclusion reached that this court would not assume jurisdiction to grant relief in such a case. It is unnecessary to reiterate the elaborate reasons stated in that opinion for the conclusions reached.

Wherefore the special demurrer is sustained and petition dismissed for lack of jurisdiction.