## Ledford v. Hubbard.

(Decided November 11, 1930.)

A. T. W. MANNING and MURRAY L. BROWN for appellant.

ROY W. HOUSE for appellee.

OPINION OF THE COURT BY COMMISSIONER STANLEY—Reversing.

In the case of Ledford v. Hubbard, 219 Ky. 9, 292 S. W. 345, it was determined that Ledford was entitled to the office of sheriff of Clay county for the term begin-

ning January 4, 1926, because Hubbard, who had received a plurality of votes, did not have his name placed on the ballot in a manner prescribed by law. About November 15, 1926, pursuant to the mandate of this court, Hubbard surrendered the office. Thereafter Ledford instituted this suit against him to recover the fees and emoluments of the office during the period he (Hubbard) was serving as a de facto officer. Hubbard defended the suit on the ground that the expense of the office had exceeded its receipts.

The plaintiff seasonably moved to have the regular judge of the Clay circuit court vacate the bench in the case because he had been counsel for the defendant in the election contest and was thereby disqualified. Upon the motion being overruled, the plaintiff asked this court for a writ of prohibition against the judge to prevent him trying the case. It was held that the court was without authority thus to control the action of the trial court, and that whatever relief the plaintiff was entitled to could be obtained by an appeal from any judgment which might be rendered against him. Ledford v. Lewis, Judge, 227 Ky. 396, 13 S. W. (2d) 276.

Upon the trial, judgment was rendered in favor of the defendant, Hubbard, and the plaintiff prosecutes this appeal, insisting that the court erred in not vacating the bench as well as in his decision on the merits of the case.

We shall not consider the judgment on the merits nor express any opinion in respect thereto, for the court is of the opinion that the judge was disqualified by reason of his connection as attorney for one of the parties in the original cause out of which this one grew. This suit was but an effort to realize in part the benefits of the judgment secured by reason of that litigation. Perhaps any judge against whom the finger of suspicion of professional interest could not be pointed would have rendered the same judgment. But that is beside the question. When a judicial officer is called upon to decide controversies between the people, to avoid distrust, he should recuse himself if any substantial ground exists for a suspicion that he is not wholly disinterested. That is the demand of public policy. It finds expression in part in section 971-6 of the Statutes, providing the method for replacement of a judge when it is made to appear that he will not afford a litigant a fair and impartial trial or hearing.

In Petrey v. Holiday, 178 Ky. 410, 199 S. W. 67, the disqualification of a judge by reason of kinship to a party to the action is elaborately treated; and in Kentucky Journal Publishing Company v. Gaines, 139 Ky. 747, 110 S. W. 268, 272, 33 Ky. Law Rep. 402, and White v. Jouett, 147 Ky. 197, 144 S. W. 55, the subject is reviewed as it pertains to social and political relationships of the judge and litigant giving rise to a suspicion of prejudice or unfairness. The statement of principle given in the Gaines opinion is worthy of repetition:

> "It is but the utterance of a legal platitude to say that it is of the utmost importance that every man should have a fair and impartial trial of his case, and that to secure this great boon two things are absolutely essential—an impartial jury, and an unbiased judge. But we go further and say that it is also important that every man should know that he has had a fair and impartial trial, or, at least, that he should have no just ground for the suspicion that he has not had such a trial. . . . We are not to be understood as reflecting on the integrity or character of the learned judge whose ruling we are reviewing. We think he was led into an error of judgment none the less hurtful because it was unconsciously committed."

It may reasonably be presumed that the relationship of client and attorney might influence the action of a judge. The principle of this disqualification extends to the adjudication not only in matters arising in the identical case in which the judge has acted as attorney, but also to supplemental proceedings taken to enforce a judgment rendered in such case. 33 C. J. 103; State v. Hocker, 34 Fla. 25, 15 So. 581, 25 L. R. A. 114, and notes.

The judge was here sitting in a case in which, as has been suggested, was to be determined the right to recover in part the fruits of the judgment which he as attorney had helped secure. The right and extent of the recovery constituted an issue of no little magnitude, and there was imposed upon the judge as a chancellor the duty of deciding that issue. Under the circumstances, the judge should have vacated the bench and not have tried the case.

Reserving a consideration of the merits of the case, the judgment is reversed on this ground.