James William **HOWERTON**, Petitioner,

v.

Honorable J. Brandon **PRICE**, Judge, McCracken Circuit Court, et al., Respondents.

Court of Appeals of Kentucky.

Jan. 23, 1970.

James William Howerton, pro se.

DAVIS, Commissioner.

This is an original proceeding in this court seeking an order of prohibition against Honorable C. Warren Eaton and Honorable J. Brandon Price, as presiding judges of Divisions I and II, respectively, of the McCracken Circuit Court. The ultimate relief sought is to prohibit either of the respondent judges from presiding in a divorce action in McCracken Circuit Court in which the petitioner is the plaintiff.

The divorce action was originally assigned to Division I over which Judge Eaton presides. On July 8, 1969, Judge Eaton entered an order in the divorce action declaring that he was disqualified to preside in the action. In that order the clerk of the court was directed to certify to the 'Court of Appeals that the appointment of a special judge was necessary. No formal motion had been made seeking to have Judge Eaton disqualify.

On July 14 the defendant in the divorce action filed objection to so much of the order of July 8 as looked toward appointment of a special judge, noting that the Rules of Practice of McCracken Circuit Court provided for reassignment of the case to Division II rather than appointment of a special judge. Accordingly, Judge Eaton caused an order to be entered July 21 setting aside so much of the previous order as had sought appointment of a special judge, and reassigned the divorce action to Division II of the McCracken Circuit Court, presided over by Judge Price.

After some informal discussions about the prospect of Judge Price's voluntarily disqualifying as judge in the divorce action, the petitioner filed formal motion asking Judge Price to vacate the bench. The motion was denied. This petition for order of prohibition resulted. No specific relief is sought against Judge Eaton, except it is prayed that the amended order of July 21 be held for naught.

It is appropriate to note that Judge Price has indicated that he regards himself as duty bound to preside in the divorce case while expressing his disinclination for the task. Some basis for the latter circumstance is found in the fact that the present petitioner, plaintiff in the divorce suit, is a practicing attorney at the McCracken County Bar. The defendant in the divorce action is the only daughter of another attorney at the same bar.

In the affidavit accompanying the motion for Judge Price to vacate the bench, it was averred:

"1. During the year 1965, when [Judge Price] was a practicing attorney, he counseled the defendant concerning the merits of an action for divorce then filed by [petitioner] against the above-named defendant. By reason thereof the said Judge presently has an opinion concerning which of the parties to this action is at fault."

Additionally, the affidavit recited that Judge Price was an "extremely close, personal friend of the defendant's father" of long standing. It was deposed that defendant's father, although a member of an opposite political party, had been a vigorous and open supporter of Judge Price in an election held in November 1968.

In the order denying the motion to vacate, Judge Price recited that all of the allegations of the affidavit supporting the motion were considered as if true and uncontroverted. However, in the order the motion was denied because the allegations were deemed insufficient to require Judge Price's disqualification.

■ Procedure for requiring a judge to vacate the bench is prescribed by KRS 23.230(1). A basis for causing the judge to vacate is the filing of a party's affidavit "that the judge will not afford him a fair and impartial trial." A party's mere belief that the judge will not afford a fair and impartial trial is not sufficient. The asserted belief must be predicated upon stated facts showing bias or prejudice sufficient to prevent the judge from fairly or impartially trying the case. Johnson v. Ducobu, Ky., 258 S.W.2d 509; Foster v. Commonwealth, Ky., 348 S.W.2d 759, cert. den. 368 U.S. 993, 82 S.Ct. 673, 7 L.Ed.2d 530. Generally, political alignment is not deemed to be a sufficient ground for disqualification of a judge. Cf. Albertson v. Commonwealth, 312 Ky. 68, 226 S.W.2d 523.

■ In Ledford v. Hubbard, 236 Ky. 373, 33 S.W.2d 345, the court dealt with disqualification of a judge on the basis of a former attorney-client relationship between the judge and one of the litigants. In treating that matter, the court observed:

"It may reasonably be presumed that the relationship of client and attorney might influence the action of a judge. The principle of this disqualification extends to the adjudication not only in matters arising in the identical case in which the judge has acted as attorney, but also to supplemental proceedings taken to enforce a judgment rendered in such case." (Citations omitted.) Id. 33 S.W.2d 346.

It seems to us that the rationale of Ledford v. Hubbard is applicable here. The pending divorce action involved the same defendant whom the presiding judge counseled as attorney when a divorce action was pending between the same parties. Although change in conditions and circumstances may have occurred, it is difficult to escape the conclusion that the former attorney, now judge, formed and retained some predilection for his then client. In such a circumstance, the statement of fact in the affidavit is sufficient to support the allegation of bias.

■ Normally, the extraordinary remedy of prohibition will not be granted to compel a judge to disqualify, as an adequate remedy is available by appeal. Ledford v. Lewis, 227 Ky. 396, 13 S.W.2d 276. A different rule is followed in divorce actions since there is no appeal from that portion of a judgment granting a divorce. KRS 21.060 (1) (b). Cf. Conley v. Stivers, Ky., 445 S.W.2d 439; Turner v. Gentry, Ky., 402 S.W.2d 104. The wife, as defendant in the divorce action, has been granted an enlargement of time for filing answer, so it is not known whether she will seek a divorce.

A temporary order of prohibition has heretofore been entered in this proceeding. It is now ordered that the respondent, Honorable J. Brandon Price, Judge of McCracken Circuit Court, Division II, be and he is hereby prohibited from presiding fur-

ther as judge in the divorce proceeding bearing Civil Action No. 9920, styled James William Howerton, Plaintiff, v. Mary Blackburn Howerton, Defendant.

EDWARD P. HILL, C. J., and MILLIKEN, NEIKIRK, PALMORE, REED and STEINFELD, JJ., concur.

OSBORNE, J., not sitting.