**William C. JACOBS, Appellant,**

**v.**

**Thomas R. UNDERWOOD, Jr., Appellee.**

Court of Appeals of Kentucky.

May 26, 1972.

Rehearing Denied Oct. 6, 1972.

**856**

W. R. Patterson, Jr., Landrum & Patterson, Lexington, for appellant.

Richard M. Compton, Todd, Compton & Odell, Lexington, for appellee.

OSBORNE, Justice.

This appeal is' from a summary judgment entered in the Fayette Circuit Court dismissing the action which had been instituted by the appellant, William C. Jacobs, an attorney, against the appellee Thomas Underwood. Appellant brought this action against appellee for defamation of character arising out of certain statements made during the course of a city commission meeting held in Lexington, Kentucky, in the month of September 1970. Appellant attended the commission meeting in his capacity as an attorney and addressed the meeting. During the course of his presentation he questioned appellee Underwood concerning a contract that was to be entered into wherein the city of Lexington would operate a landfill project.

We will not detail the testimony as it appears in the transcript of the proceedings.

The substance of Jacobs' complaint is based upon the fact that Underwood on several occasions referred to Jacobs as a liar and stated that certain statements made by Jacobs were lies.

The trial court in granting summary judgment relied upon Section 43 of the Kentucky Constitution, along with KRS 84.050(5) and KRS 89.400. Section 43 provides as follows:

"Privilege and immunity of members— The members of the General Assembly shall, in all cases except treason, felony, breach or surety of the peace, be privileged from arrest during their attendance on the sessions of their respective Houses, and in going to and returning from the same; and for any speech or debate in either House they shall not be questioned in any other place."

KRS 84.050(5) provides as follows:

"For anything said in debate, members of the general council are entitled to the same immunities and protection allowed to members of the general assembly."

KRS 89.400, as it relates to the city manager and city commission form of government, reads as follows:

"All laws applicable to and governing cities of the first, second, third or fourth class and not inconsistent with the provisions of this chapter relating to the city manager form of government shall continue to apply to and govern each city that organizes under the city manager form of government. . . ."

It is the contention of the appellant that the trial court erred in granting summary judgment as the immunity granted by the general assembly to members of a city council under the foregoing statute is a qualified privilege and, therefore, the appellee is not immune to suit if the statements were made with malice or in utter disregard for the truth.

The questions presented in this case are of first impression for this court. The

common law doctrine of qualified privilege was basically as follows: Legislatures, judicial bodies and the congress all enjoyed an absolute privilege under which members of these bodies could not be held liable under any condition for any statements made while participating in the proceedings pending before the body. Secondary or quasi-legislative bodies such as city commissions, under the common law, only enjoyed a qualified privilege. The members of these bodies were privileged only if the statements were made without malice and without reckless disregard for the truth. Normally the question of whether the statement was reckless or malicious was one for the jury. See Mills v. Denny, 245 Iowa 584, 63 N.W.2d 222 (1954).

The question posed to us is whether KRS 84.050(5) supplanted the common law and made the legislative immunity in Kentucky absolute for members of secondary legislative bodies. We believe it did. The statute provides that the members shall be "entitled *to the same* immunity and protections allowed to members of the general assembly." (Emphasis added). We believe the general assembly has effectively granted to members of city legislative bodies an absolute privilege under which they cannot be liable for statements made during a debate before a formal meeting of the assembly.

This clause of the Kentucky Constitution is taken verbatim from Article One, Section Six of the Constitution of the United States. It has been held that Article One, Section Six grants an absolute immunity. See Cochran v. Couzens, 59 App.D.C. 374, 42 F.2d 783. See, also, 1 Harper & James, The Law of Torts 428.

Appellant takes another swing at the subject by asserting that KRS 84.050 relating to the city manager form of government is invalid in its entirety as the Act by which it was created violated Section 51 of the Kentucky Constitution in that it dealt with more than one subject. He further contends the Act violated Section 51 in that it adopted by reference those immunities permitted to members of the general assembly. We have rejected this identical contention where it was made in connection with condemnation proceedings. See Bloxton v. State Highway Commission, 225 Ky. 324, 8 S.W.2d 392. In that case the legislature had granted the right of condemnation to a bridge and highway commission by an Act which provided that the condemnation procedures would be the same as those used by railroad companies. We approved this procedure. Such statutes have come to be known as "reference statutes." They refer to and by reference adopt other statutes. By doing so they do not violate Section 51 of the Constitution.

Appellant next contends that the statute extending immunity to members of city legislative bodies violates Section 54 of our Constitution which section prohibits the general assembly from limiting the amount that may be recovered for "injuries resulting in death, or for injuries to persons or property." This contention poses the question of whether an action to recover for defamation of character is an action to recover for injuries to person or property as that statement is used in Section 54 of our Constitution. We do not believe Section 54 was intended to apply to this type proceeding. We have found no cases directly in point, however, a reading of the Constitutional Debates reveals that the delegates envisioned Section 54 as a device that would prohibit the general assembly from enacting laws to curtail recovery in wrongful death cases. Also, to prohibit the general assembly in cases involving bodily injury where railroads were involved from limiting by statute the amount of damages recoverable. We are of the opinion that the words "injuries to persons or property" used in Section 54 were intended to mean physical injuries to the person and physical damage to property. We realize that there are dictionary definitions of this phrase as it is generally used that run contra to our opinion here. It is the duty of the court where questions

**858**

are close relative to the constitutionality of statutes to construe the matter if possible in such way as to preserve the statute. Martin v. J. Bacon & Sons, 268 Ky. 612, 105 S.W.2d 569, app. dismd., 302 U.S. 642, 58 S.Ct. 57, 82 L.Ed. 499.

 Appellant complains of the failure of the trial judge to disqualify himself from further acting in the case. Appellant filed affidavits that the judge had made statements showing a disposition to grant a summary judgment in the case and that he was a friend and political ally of appellee's wife's father. Motion for summary judgment was heard by the trial judge on March 18, 1971. At that time the judge stated that he would grant summary judgment unless counsel for appellant could find additional authority for his position. Counsel for appellee was authorized to prepare a proposed opinion granting summary judgment. Counsel for appellant was given ten days thereafter to respond. Instead of filing a response he filed a motion to require the judge to vacate the bench. The main ground of appellant's motion to vacate was that the trial judge made the statement in the circuit courtroom of Green County, Kentucky, that he had decided to rule in favor of Underwood on his motion for summary judgment. We do not believe this affidavit to be sufficient as the statement was made after the court had held a hearing on the matter and directed a judgment to be drawn, the statement being made during the time when both sides had been given leave to file additional memoranda. Admittedly it is not recommended practice that judges make offhand remarks indicating their mind is settled one way or the other on a matter pending before them. But, even though this be true, we do not believe they are necessarily disqualified from further action in the case because of such remark when it is made subsequent to a hearing on the merits even though one side or the other might have been given additional time to submit further authority.

The other grounds in the affidavit cover matters that were discoverable to appellant. It is also doubtful that they constitute sufficient grounds for disqualification. See Howerton v. Price, Ky., 449 S.W.2d 746.

There are other questions raised that if answered in detail would extend this opinion beyond tolerable lengths. We do not believe the questions are of sufficient merit to require this court to make answer in detail.

Judgment affirmed.

EDWARD P. HILL, MILLIKEN, NEIKIRK, PALMORE and REED, JJ., concur.