Marvin Perry ROOKER, Jr., Appellant,

v.

COMMONWEALTH of Kentucky, Appellee.

Court of Appeals of Kentucky.

March 22, 1974.

Rehearing Denied May 24, 1974.

Dale B. Mitchell, Somerset, for appellant.

Ed W. Hancock, Atty. Gen., Douglas E. Johnson, Asst. Atty. Gen., Frankfort, for appellee.

VANCE, Commissioner.

The appellant, Marvin P. Rooker, Jr., was convicted on June 21, 1973, in the Pulaski Circuit Court of the crime of trafficking in controlled substances and was sentenced to one year in the state penitentiary. From that judgment he appeals.

On the afternoon of January 20, 1973, the Commonwealth's Attorney prepared an affidavit to be sworn to by the Pulaski County Sheriff, Gilmore Phelps. Sheriff Phelps took this document to the home of the Pulaski County Judge, John W. Garner. Judge Garner signed the jurat which indicated that the affidavit was subscribed and sworn to before him. A search warrant was issued based upon that affidavit. During the search of the described premises, the sheriff and other officers confiscated marijuana, marijuana pipes and hashish. The appellant was one of nine people arrested.

The appellant made a motion to suppress the evidence and a hearing on said motion was held on April 20, 1973. Both the sheriff and the judge testified that at no time did the judge administer an oath or affirmation to the sheriff concerning the affidavit. The judge testified that he never read the affidavit before issuing the warrant. He did not know for what items they

were searching or where the premises to be searched were located.

The appellant contends that the evidence was illegally seized because the State and Federal Constitutions require a determination of probable cause by an impartial magistrate before issuance of a search warrant and there can be no such determination where the magistrate does not read the affidavit upon which the warrant is based. We agree.

The Bill of Rights of the Kentucky Constitution, Section 10, states:

"The people shall be secure in their persons, houses, papers and possessions, from unreasonable search and seizure; and no warrant shall issue to search any place, or seize any person or thing, without describing them as nearly as may be, nor without probable cause supported by oath or affirmation."

▆ The Fourth Amendment of the Constitution of the United States, which was made applicable to the states under the Fourteenth Amendment in Aguilar v. Texas, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964), states:

"The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no warrants shall issue, but upon probable cause, supported by oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized."

▆ The purpose of the affidavit is to present to the issuing authority a factual basis for an independent determination of probable cause in issuing the search warrant. No warrant should issue until an independent determination of probable cause based upon a common-sense reading of the entire affidavit has been made. Spinelli v. United States, 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637 (1969); United States v. Ventresca, 380 U.S. 102, 85 S.Ct. 741, 13 L.Ed.2d 684 (1964).

▆ Part of the protection of the Fourth Amendment consists of requiring that inferences in determining probable cause be drawn by a neutral and detached issuing authority instead of the police or government agents. United States v. Lefkowitz, 285 U.S. 452, 52 S.Ct. 420, 76 L.Ed. 877 (1932); Johnson v. United States, 333 U.S. 10, 68 S.Ct. 367, 92 L.Ed. 436 (1948). Where a judge issues a search warrant based upon an affidavit which he does not read, he makes no determination of probable cause but merely serves as a rubber stamp for the police. Such action is improper even though the affidavit actually shows probable cause for the issuance of the warrant.

We conclude that the search warrant should not have been issued because a determination of probable cause was not made and that the evidence obtained as a result of the search warrant was inadmissible at appellant's trial.

The judgment is reversed and the case remanded for proceedings not inconsistent with this opinion.

OSBORNE, C. J., and JONES, MILLIKEN, PALMORE, REED, STEINFELD and STEPHENSON, JJ., sitting.

All concur.