## SOUTHWESTERN BELL TELEPHONE COMPANY *v.* Dr. A. J. WILKES

79-330                              601 S.W. 2d 855
Supreme Court of Arkansas
Opinion delivered June 30, 1980

*D. D. Dupre, Sandra Brown*, and *Gary Hartman*, and *Friday, Eldredge & Clark*, by: *Herman Ivester*, for appellant.

*William C. Gilliam*, for appellee.

JOHN F. STROUD, Justice. This is an appeal from a damage suit where the trial court held that the tariff of the phone company attempting to limit its liability for listing omissions was unconstitutional. We disagree with the ruling of the court and reverse the jury verdict.

Appellee brought this action against appellant because his name was omitted from the "Optometrists O.D." section of the yellow pages in the 1978 Malvern telephone directory. Appellant ordinarily lists each business number in the white and yellow pages of its annual directory as part of the services provided under its service contract; however, in the 1978 directory appellant listed appellee's name and number in only the white pages. Although both appellee's home and business numbers are contained in the white pages, they are listed under "Wilks, A. J., Dr." and make no reference to his being an optometrist. Appellee filed suit to recover damages in the amount of $10,000 for past and prospective business lost due to the omission, and he testified that he had lost patients and income during 1978 to the optometrists listed in the yellow pages. Appellant admitted the omission, but contended that the amount of damages appellee could recover was limited by its tariffs to the cost of appellee's business telephone service for the one year period covered by the directory. Although appellee had been continuousy listed in the yellow pages for 23 years, a witness for appellant pointed out that the listings were provided as a service without charge. Appellant filed a motion for summary judgment seeking dismissal of that part of appellee's complaint which sought damages in excess of $169.80, the cost of appellee's telephone

service for the year in question. The trial court denied the motion and, at trial, prohibited appellant from introducing the tariff into evidence due to the court's finding that it violated Article 5, Section 32 of the Arkansas Constitution. Following a jury trial on August 8, 1979, appellee was awarded a judgment of $500.00. Appellant brings this appeal, urging that the trial court erred in finding the tariff in question violated Article 5, Section 32 of the Constitution and in failing to limit the amount of appellee's recovery to $169.80.

Ark. Stat. Ann. § 73-218 (Repl. 1979) confers upon the Arkansas Public Service Commission the power to oversee and regulate the cost and rendition of the services provided by the various public utilities in this state. Appellant is a public utility and, as such, must file with the Public Service Commission the terms and conditions of its basic service contract in order that the Commission may ascertain whether they are reasonable and in the public interest. After these terms and conditions are filed with the Commission and accepted by them, they are known as tariffs. Appellant's tariff that is in question on this appeal, General Exchange Tariff, Original Sheet 11, Section 25.8.2, provides as follows:

Errors — The Telephone Company's liability for damages arising from errors or omissions in the making up or printing of its directories or in accepting listings as presented by customers or prospective customers shall be limited to the amount of actual impairment of the customer's service, and in no event shall it exceed the amount paid for the service during the period covered by the directory in which the error or omission occurs.

The trial court ruled that this tariff violated Article 5, Section 32 of the Arkansas Constitution entitled "Workmen's Compensation Laws — Actions for personal injuries" which provides:

The General Assembly shall have power to enact laws prescribing the amount of compensation to be paid by employers for injuries to or death of employees, and to whom said payment shall be made. It shall have power to provide the means, methods, and forum for ad-

judicating claims arising under said laws, and for securing payment of same. Provided, that *otherwise no law shall be enacted limiting the amount to be recovered* for injuries resulting in death or *for injuries to persons or property*; and in case of death from such injuries the right of action shall survive; and the General Assembly shall prescribe for whose benefit such action shall be prosecuted. (Emphasis added.)

The trial court apparently reasoned that the Commission's approval of the tariff was tantamount to action by the General Assembly, which delegated to the Commission the power and authority to approve such tariffs. To reach the result obtained, the trial court must also have found that the injury to appellee's business came within the scope of Article 5, Section 32, and reasoned that the General Assembly could not delegate authority which the constitution prohbited the General Assembly from exercising.

The sole, and narrow, question on this appeal is whether appellant's tariff, Section 25.8.2, violates Article 5, Section 32 of the Arkansas Constitution. We disagree with the ruling of the trial court, as we do not think that Article 5, Section 32 contemplates the type of injury sustained in this case by appellee — that is, damage to his earnings from his optometrical practice. We have no case directly in point in Arkansas, but the Supreme Court of Kentucky, a state from whence much of our basic law was derived, has considered the question. We agree with their interpretation of a similarly worded constitutional provision that "injuries to persons or property" was intended to mean physical injuries to the person and physical damage to property. *Jacobs* v. *Underwood*, 484 S.W. 2d 855 (Ky. 1972).

Therefore, we reverse the ruling of the trial court and remand this case for further proceedings. We are not stating, however, that this tariff can withstand any and all attacks. It may be violative of some other constitutional provision or be unenforceable as contrary to public policy. But, as we are not presented with those questions on this appeal, we do not now address them.

Reversed and remanded.

HICKMAN, PURTLE and MAYS, JJ., dissent.

RICHARD L. MAYS, Justice, dissenting. The trial court held unconstitutional a Southwestern Bell tariff imposed by the Public Service Commission limiting Southwestern Bell's liability for damages arising from errors in making up its directories to the charge for the service. The trial court ruled that the tariff violated Article 5, Section 32 of the Arkansas Constitution which prohibits the state from limiting damage recoveries for injuries to persons or property. Today this court reverses the trial court because it holds that the state constitutional restraint against limiting recovery for injuries to persons or property does not contemplate injuries to economic interests. I disagree. In my judgment there are only two kinds of injuries in the world, personal and property. A constitutional provision which protects against injuries to property protects against injuries to economic interest, tangible or intagible.

I would, therefore, affirm the ruling of the trial court.

HICKMAN and PURTLE, JJ., join in this dissent.