Greer David DIXON Jr. and Pamela Sue Dixon, Appellants,

v.

COMMONWEALTH of Kentucky, Appellee.

Nos. 91–CA–002998–MR & 91–CA–002999–MR.

Court of Appeals of Kentucky.

July 1, 1994.

Rehearing Denied Sept. 23, 1994.

Discretionary Review Denied By Supreme Court Feb. 8, 1995.

Will A. Kautz, Charlotte B. Scott, Bradley, Bryant & Kautz, P.S.C., Paducah, for appellants.

Chris Gorman, Atty. Gen., Joseph R. Johnson, Asst. Atty. Gen., Frankfort, for appellee.

Before HUDDLESTON, JOHNSTONE and SCHRODER, JJ.

HUDDLESTON, Judge.

This case presents one question: Is a district court trial commissioner a neutral and detached magistrate capable of issuing search warrants when that commissioner practices law with the county attorney? For the reasons hereinafter set forth, we hold that the answer is "no."

On May 11, 1991, Sheriff Michael Reilly of Hickman County and Sheriff Will Ben Martin of Carlisle County went to Hickman County Trial Commissioner Sue Ellen Morris for a warrant to search the home of Pamela Sue Dixon and Greer David Dixon Jr. They had received information from an informant that the Dixons were growing marijuana. Morris "transcribed" the statements of the sheriffs onto a printed affidavit for search warrant form. Based upon this affidavit and other information supplied by the sheriffs, Morris drafted and issued a search warrant for the Dixons' residence. The resulting search produced evidence of marijuana cultivation and possession. As a result, a Hickman County Grand Jury indicted David for cultivating marijuana for sale, possession of drug paraphernalia and possession of marijuana, and it indicted Pamela for cultivating marijuana for sale.

Both David and Pamela made motions to suppress the evidence obtained in the search. They argued that the affidavit supporting the search warrant was insufficient for it failed to state when the police informant observed marijuana cultivation on the Dixons' property. They also argued that Morris was not a neutral and detached magistrate for she was the law partner of Tom Bugg, the Hickman County Attorney.

After conducting a hearing, Hickman Circuit Court denied the Dixons' suppression motions. The circuit court found the affidavit to be defective because it did not indicate when the observations supporting the search were made. However, the court also found that since Morris knew when the observations were made (although the affidavit did not include this information), under *United States v. Leon,* 468 U.S. 897, 104 S.Ct. 3405, 82 L.Ed.2d 677 (1984), the exclusionary rule did not require suppression of the evidence.

Following the denial of their motion to suppress, the Dixons entered conditional guilty pleas according to RCr 8.09 [1] expressly reserving the right to appeal the court's suppression ruling. Pamela received a twelve-

---

**1.** Rule 8.09 of the Kentucky Rules of Criminal Procedure provides that: "With the approval of the court a defendant may enter a conditional plea of guilty, reserving in writing the right, on appeal from the judgment, to review of the adverse determination of any specified trial or pretrial motion. A defendant shall be allowed to withdraw such plea upon prevailing on appeal."

month sentence and David received a five-year sentence. On appeal, the Dixons claim that Hickman Circuit Court denied their suppression motion in error.

■ Section 10 of the Kentucky Constitution and the Fourth Amendment to the United States Constitution prohibit unreasonable searches and seizure. One of the fundamental elements of these constitutional protections is that a detached and neutral magistrate must find probable cause for a search before a warrant is issued. "Part of the protection of the Fourth Amendment consists of requiring that inferences in determining probable cause be drawn by a neutral and detached issuing authority instead of the police or government agents." *Rooker v. Commonwealth*, Ky., 508 S.W.2d 570, 571 (1974). Under RCr 13.10, an affidavit alleging facts supporting a finding of probable cause must be sworn to before a judge or other officer with the authority to issue search warrants. From that affidavit, the judge or other officer determines whether probable cause exists to justify the issuance of a search warrant. The judgment of a neutral and detached magistrate helps to prevent law enforcement authorities from engaging in unlawful searches.

■ As earlier noted, the issue which this case raises is whether a district court trial commissioner can be a neutral and detached magistrate capable of issuing search warrants when that commissioner practices law with the county attorney? We hold that the association of a trial commissioner and a county attorney in the practice of law presents an insurmountable conflict of interest and appearance of impropriety which destroys the district court trial commissioner's character as a neutral and detached magistrate.

In counties without a residing district judge, "the chief judge of the district shall appoint a trial commissioner." Supreme Court Rule 5.010. A trial commissioner is authorized to perform many judicial functions including the issuance of search warrants. SCR 5.030(a)(i). Under SCR 5.050, a trial commissioner is required to "disqualify himself in all matters in which he has an interest, relationship or bias that would dis-

qualify a judge." Thus, reference must be had to the Code of Judicial Conduct for controlling authority.

Under Canon 2 of the Code, a judge must avoid all impropriety or the appearance of impropriety. As an officer performing judicial functions, a trial commissioner must also avoid the appearance of impropriety. The partnership of the trial commissioner and county attorney, who participates in the prosecution of criminal cases, does not give the appearance of impartiality. The very fact that the Hickman County trial commissioner and county attorney share the same office and practice law together gives the impression that the commissioner may be partial to the requests of her law partner acting in his capacity as the county attorney.

■ Under Canon 3, Section C(1)(b), of the Code of Judicial Conduct, a judge must "disqualify himself in a proceeding in which his impartiality might reasonably be questioned, . . ." Under this canon, a trial commissioner must disqualify himself when his partner practices before him. Judicial Ethics Opinion JE–44. While this rule may have severe application in rural communities where it is more likely for a trial commissioner to be associated with other attorneys due to the relatively small number of practitioners in the area, the Ethics Committee of the Kentucky Judiciary in its opinion chose not to soften the rule's application in those instances. JE–44. Furthermore, the Ethics Committee expressly stated that when a trial commissioner and a county attorney are law partners, the trial commissioner must disqualify himself in all cases in which the county attorney appears, whether it be a civil or criminal matter, except in situations where the interests of criminal justice would be served best by quick action despite the appearance of impropriety or the presence of a conflict of interest. JE–47. See also JE–63.

The circuit court discussed this problem in its opinion.

It appears that Hickman County, Kentucky, has a unique situation in that the Trial Commissioner and the County Attorney share the same offices and appear under a title that indicates they are part-

ners, and at the very least, they are associates in the practice of law; therefore, they have been cautioned for the County Attorney not to participate in any way in the Trial Commissioner's functions and therefore, when an affidavit for a search warrant is prepared by the County Attorney, it has to be taken to the District Judge, or if the District Judge is not available, then the County Attorney cannot prepare the affidavit or participate in any way with a search warrant being issued by the Trial Commissioner.

While in this case the county attorney did not request a search warrant from his partner, the trial commissioner, their association gives rise to the appearance of impropriety. We find that Morris, as the law partner of the county attorney, is not a neutral and detached magistrate. Under Canon 2 and 3C of the Code of Judicial Conduct, Morris, due to her close ties to the county attorney, may not issue search warrants, for the exercise of that duty gives rise to an appearance of impropriety that she as an officer of the court performing judicial functions must avoid.

Because the error in this case goes to the detached and neutral magistrate requirement, the good faith exception of *United States v. Leon,* 468 U.S. 897, 104 S.Ct. 3405, 82 L.Ed.2d 677 (1984), adopted by the Kentucky Supreme Court in *Crayton v. Commonwealth,* Ky., 846 S.W.2d 684 (1992), does not apply. As explained in both *Leon* and *Crayton,* the good faith exemption saves from exclusion, evidence obtained under an invalid warrant where the error was made by the detached and neutral magistrate so long as the officers seeking the warrant in good faith did not know the warrant should not be issued. When the threshold requirement of neutrality has not been met by the issuing authority, the analysis of *Leon* and *Crayton* does not apply.

We reverse the judgments of conviction and the denial of the Dixons' suppression motions. These cases are remanded to Hickman Circuit Court so that the Dixons may withdraw their pleas of guilty according to RCr 8.09 and for further proceedings.

All concur.