In re JEFFERSON DISTRICT COURT JUDGES and Trial Commissioners, Movants,

v.

ETHICS COMMITTEE OF The KENTUCKY JUDICIARY, Respondent.

No. 2011–SC–000384–OA.

Supreme Court of Kentucky.

Nov. 23, 2011.

Sean Robert Delahanty, Chief Judge, Jefferson District Court, Louisville, KY, Catherine Smith Duffy, Richard Owen Lewis, Trial Commissioner and Law Clerk/Staff Attorney, Louisville, KY, for Movants.

Arnold S. Taylor, Chairperson, Ethics Committee of the Kentucky Judiciary, Administrative Office of the Courts, Frankfort, KY, for Respondent.

Opinion of the Court by Justice CUNNINGHAM.

The Jefferson County District Court Judges and Trial Commissioners ("Mov-

ants") petition this Court, pursuant to SCR 4.310(4), to review Judicial Ethics Opinion JE–121, dated March 29, 2011.

The following question was presented to The Ethics Committee of the Kentucky Judiciary ("the Committee"):

Whether a judge's staff attorney or law clerk could be appointed to the additional position of trial commissioner if:

(A) the two positions are kept "separate," that is, time spent in each position would be separately accounted for, and

(B) the staff attorney/law clerk did not work on anything he or she had worked on as a trial commissioner, and *vice versa.*

The Committee responded in the negative as follows:

First, a judge is required by Canon 3A to give first place to his or her judicial duties and as the position of staff attorney or law clerk is full-time, the trial commissioner would not be able to comply with this ethical/requirement. Second, there is an appearance of impropriety. The dual employment would create concerns in the minds of the public about the relationship between the Judge and the Trial Commissioner. The Committee did not believe that the appearance problem could be solved by having the trial commissioner recuse from any project he or she had worked on as staff attorney or law clerk, or *vice versa.*

An additional element of the inquiry was whether the appointment could be made if the staff attorney or law clerk for Judge A were appointed as the trial commissioner for Judge B. The Committee does not believe that this scenario would alter the situation.

The Movants challenge both of these positions. First, they disagree with the conclusion that Canon 3A is violated. The Jefferson District Court Trial Commissioners' duties are conducted between 11 p.m. and 7 a.m. In no way do these hours overlap with the normal business hours of the Jefferson Family Court. Because of this separation in working hours, the trial commissioners are able to fulfill their responsibilities and duties. The Movants also challenge the notion that an appearance of impropriety is created. They argue primarily that any appearance of impropriety is cured by the fact that the trial commissioners are Family Court staff attorneys, as opposed to District Court employees.

## Analysis

Trial commissioners serve pursuant to SCR 5.010, which allows the Chief District Judge to appoint trial commissioners upon certification of necessity by the Supreme Court. The powers of a trial commissioner are set forth in SCR 5.030, and include the authority to perform judicial functions in criminal, civil, juvenile, probate, and mental health cases. However, the authority of any individual trial commissioner may be limited by this Court or by the Chief District Judge. SCR 5.030.

■ In the interest of fashioning a rule that would be applied consistently throughout the Commonwealth, the Committee considered those situations where the trial commissioner exercises the full panoply of duties authorized by SCR 5.030. This is a legitimate consideration and we are respectful of this aim. However, we disagree with that approach, as applied to this matter, and believe it appropriate to consider the particular circumstances presented on a case by case basis. *See Caudill v. Judicial Ethics Committee,* 986 S.W.2d 435, 436–37 (Ky.1998) ("Rather than considering the particular facts and circumstances to determine whether nepotism exists, JE–90 issues a blanket prohi-

bition which, in this case, would have terminated the employment of apparently qualified persons."). Indeed, the Committee seems to acknowledge that, as the two Jefferson District Court Trial Commissioners currently function, there is no indication that an actual violation of the Code has occurred.

We find there is no violation of Canon 3A under the facts presented by the Jefferson District Court Trial Commissioners. The position of a trial commissioner is part-time. As such, a trial commissioner is "permitted by law to devote time to some other profession or occupation." SCR 4.300 *Application of the Code of Judicial Conduct (A).* Though subject to certain limitations, the Supreme Court Rules and the Code of Judicial Conduct certainly anticipate that a trial commissioner will maintain a separate legal practice. SCR 5.060. *See also* Judicial Ethics Opinion JE–17 ("By placing certain limitations on the practice of law by trial commissioners, the Kentucky Supreme Court impliedly placed its stamp of approval on all other types of practice."); Judicial Ethics Opinion JE–22 (Code of Judicial Conduct does not ethically bar trial commissioner from simultaneously serving as city attorney.). We know of no authority prohibiting a trial commissioner from litigating non-criminal matters before an appointing district judge.

We find no rationale under which Canon 3A would so clearly permit an outside legal practice, but uniformly prohibit employment as a staff attorney. Further, we find no actual violation of Canon 3A under the particular circumstances of this case. It is undisputed that the Jefferson District Court Trial Commissioners conduct business outside the normal working hours of the Jefferson Family Court. As any other trial commissioner maintaining a separate legal practice, the Jefferson District Court Trial Commissioners are able to comply with the duty under Canon 3A by simply limiting their work to those hours during which the Jefferson Family Court is closed.

■ Turning to the issue of Canon 2, we agree with the Committee's general proposition that there is a potential appearance of impropriety where a district court trial commissioner also serves as a staff attorney for the circuit or family court of the same judicial district. For example, SCR 5.030 permits a trial commissioner to issue search warrants. An appearance of impropriety would certainly arise if the validity of that search warrant was later challenged in the circuit court in which the issuing trial commissioner serves as staff attorney. The impartiality of the circuit judge could reasonably be questioned where he or she is reviewing a search warrant issued by his or her own employee.

However, we again disagree with the Committee that the existence of certain limited situations in which an appearance of impropriety may arise justifies the blanket exclusion of all judicial staff attorneys from serving as trial commissioners. Instead, we find instructive the case of *Dixon v. Commonwealth,* 890 S.W.2d 629 (Ky. App.1994), where limitations were placed on the authority of a trial commissioner to avoid an appearance of impropriety, rather than disqualifying the commissioner altogether. There, the Court of Appeals considered the validity of a search warrant that was issued by a district court trial commissioner who maintained a private law practice with the county attorney. Recognizing the appearance of impropriety that arose from such a relationship, the appellate court concluded that the appropriate remedy would be to prevent the trial commissioner from issuing search warrants, "for the exercise of that duty gives rise to the appearance of impropriety that she as an officer of the court perform-

ing judicial functions must avoid." *Id.* at 632.

We believe a similar remedy—that is, of simply limiting the trial commissioner's duties—is appropriate in this case. The trial commissioner only performs those specifically designated judicial functions. When the trial commissioner also serves as a staff attorney in another branch of the same judicial district, careful attention must be paid to the functions performed by the commissioner. In the situation presented herein, such duties would include, for example, the issuance of emergency custody orders and domestic violence orders, as these matters could potentially be the subject of or pertinent to a family court action. Additionally, the trial commissioner should not perform any judicial function on a matter previously worked on in his or her capacity as staff attorney.

Even when these types of limitations are in place, the possibility still exists that a matter considered by a trial commissioner will end up before the judge for whom he or she works as a staff attorney. In those cases, the judge for whom the staff attorney works must recuse from such case. It is inadequate for the staff attorney alone to recuse himself or herself from working on the case, as the Movants propose. The potential for influence and the appearance of impropriety lies also with the judge adjudicating the matter, who may appear to be influenced by the prior decision of his or her staff attorney.

For the reasons outlined above, Judicial Ethics Opinion JE–121 is hereby vacated.

ABRAMSON, SCHRODER, SCOTT and VENTERS, JJ., concur.

MINTON, C.J., and NOBLE, J., concur in result only.